FEATHERSTON vs. WILSON.

In an action by an assignee of a note, the note cannot be excluded from going in evidence, because the plaintiff does not state, in the commencement of his declaration, that he sues as assignee.

It is not necessary to say that he sues " *as assignee*," if he sets out the assignment, or shows, by proper averments, that he is assignee.

In an action on a note, parol evidence is not admissible, to prove that, at the time the note was made, there was an agreement that the value of certain peltries should be credited on the note, when the amount should be ascertained.

THIS was a suit determined in the Crawford Circuit Court, in February, A. D. 1841, before the Hon. RICHARD C. S. BROWN, one of the Circuit Judges.

Featherston and Wilson, in the Court below, by declaration, commencing, " William G. Featherston, the plaintiff in this suit, by attorney, complains of Robert Wilson, defendant in this suit, in an action of assumpsit." It then stated that Wilson, on a day and at a place certain, made a note to Wm. W. Fleming, at eight months, for $200, and that Fleming, on the 30th of October, 1840, assigned it to the plaintiff, " whereby, and by force of the statute in such cases made and provided, the said Robert became liable to pay to the said plaintiff the contents of said note, according to the tenor and effect thereof;" and concludes: " Nevertheless, the said promissory note to pay," &c., being the common breach.

A writ of attachment issued, and was executed. The defendant appeared and pleaded four pleas, *nil debet*, and three pleas of payment *post diem*. The plaintiff joined issue to the first, and filed a general replication to each of the other pleas, to each of which replications the defendant joined issue: *all*, in short, on the record, except the pleas.

The plaintiff gave in evidence the note. It does not appear, by the record, to have been endorsed; or, if it was, that the endorsement was offered in evidence. He also read an instrument, signed by Fleming and Wilson, of the same date as the note, stating that they had made a settlement, and found Wilson indebted to Fleming $200, for which he had given his note at eight months.

The defendant then offered to prove, by oral evidence, that, at the time of making the note, there was a conversation between Wilson and Fleming, about certain peltries, which were to be credited on the note, when the amount should be ascertained. This evidence was excluded. The defendant then moved to exclude the note from the jury, on the ground of variance, because the plaintiff should have declared " as assignee." The Court sustained the motion, and excluded the note. The jury found, that the defendant did not undertake and promise, in manner, &c., and the defendant had judgment.

The bill of exceptions sets out the note without any endorsement, and says that the note was offered in evidence. The clerk had copied into his transcript a note of the same tenor and date, assigned to Featherston, but it was no part of the record. Featherston sued his writ of error.

*Paschal & Cocke,* for the plaintiff, cited *Kittlewell et al. vs. Scull,* 3 *Ark.* 474, to the point that the declaration was good.

*Pike & Baldwin,* contra, admitted that the case was stuffed with errors, *ab ovo usque ad mala;* that the declaration set at defiance all the rules of pleading; the first plea was no response to it; there was no issue on which the verdict could be based; the Court erred in excluding the oral evidence; and the reason given for excluding the note was erroneous. But they contended, that the note was properly excluded, because the note was not shown to have been endorsed or assigned to the plaintiff, and, if it was, the endorsement was not read in evidence.

They insisted that the plea of not guilty, or *nil debet,* in assumpsit, was good after *verdict,* though not after judgment by default. *Brennan vs. Egan,* 4 *Taunt.* 164. *Baily vs. Edwards, Cas. Temp. Hard.* 179. *Robinson vs. Green,* 1 *Str.* 574. *Corbyn vs. Brown, Cro. Eliz.* 470. *Elvington vs. Doshant,* 1 *Lev.* 142. *Marshan vs. Gibbs,* 2 *Str.* 1022. *Cas. Temp. Hard.* 173. *Coggs vs. Bernard, Salk.* 26, 735. *Pigot vs. Pigot, Cro. Jac.* 44. *Jouce vs. Parker, Cro. Jac.* 575.

*Non infregit conventionem* is a good plea after verdict. 1 *Sid.* 289. So if *nil debet* is pleaded for *nil detinet.* 2 *Saund.* 319, *a.*

As to the finding upon different issues, one rule is, that, though the

*Featherston vs. Wilson.*

verdict be imperfect, and does not, in terms, find the issue joined by the parties, yet, if the Court can collect the point in issue out of the verdict, it is sufficient. *Stearns vs. Barrett*, 1 *Mason*, 153.

A general rule is, that, although the verdict may not conclude formally, or punctually in the words of the issue, yet, if the point in issue can be concluded out of the finding, the Court shall work the verdict into form, and make it serve according to the justice of the case. *Hob.* 54. *Hawks vs. Crofton*, 2 *Burr.* 698. *Porter vs. Rummery*, 10 *Mass.* 64. *Hanna vs. Mills et al.*, 21 *Wend.* 90. *Law vs. Merrills*, 6 *Wend.* 268.

By the Court, DICKINSON, J.

˝ The proceedings in this case are exceedingly irregular, and the plea is every way informal, if not insufficient. The view we shall take of the case, however, supersedes the necessity of determining their validity. The Court certainly erred in excluding the note sued on from being received as evidence, upon the ground of variance from the instrument set out in the declaration.

The declaration correctly describes the note, and sets out the assignment; and the instrument offered upon the trial corresponds precisely, in every particular, with it. It is true, the declaration does not, in its commencement, declare that the plaintiff in error sues as assignee, but, in the body of it, he makes a substantive averment of that fact, and sets out, *in hæc verba*, the assignment of the note. It is clear that the terms of the note, or its legal tenor and effect, cannot be varied or explained away by the parol testimony offered. There is no ambiguity or uncertainty upon the face of the note, and therefore it is not allowed to be explained or qualified by oral evidence.

Judgment reversed.