HORATIO MERRILL *vs.* EDWARD P. MERRILL.

*Statute of limitations.   R. S. c. 81, § 83.   Witnessed note.*

An action for money had and received sustained by a valid promissory note, signed in the presence of an attesting witness, is an action on such note within the meaning of R. S., c. 81, § 83, and may be maintained within the same limitation as if the note had been specifically declared upon.

ON EXCEPTIONS.

The writ by which this action was commenced bore date the tenth day of October, 1871, and was returnable to the January term, 1872, of this court for this county.   The plea was the genral issue and the statute of limitations.   When the cause came on for trial the plaintiff moved for leave to amend by adding two special counts, one upon a note of the defendant to the plaintiff, dated July 7, 1857, for $1780.00 payable in one year from date with interest, and the other upon a note between the same parties, for $1-775.00, payable in one year with interest, which amendment the presiding justice declined to allow.   The case was submitted to the presiding judge, with the right to except, who found as matter of fact that the defendant gave his promissory note to the plaintiff on the seventh day of June, 1857, bearing that date for $1780.00, payable in six months from date with interest; that the note was signed in the presence of an attesting witness and was destroyed in the great fire in Portland, July 4, 1866; and ruled, as matter of law, that the statute of limitations was a bar to this action: to which ruling the plaintiff excepted.

*A. Merrill,* for the plaintiff, cited 1 Chitty on Pleading, 113, 372; 3 Burr., 1516; *Fairbanks* v. *Stanley,* 18 Maine, 402; *Howe* v. *Saunders,* 38 Maine, 352; *Sturtevant* v. *Randall,* 53 Maine, 149.

*T. B. Reed,* for the defendant.

R. S., c. 81, § 79, bars "all actions of assumpsit," &c., not

brought within six years from the time the cause accrued; section 83, excepts those brought upon witnessed notes. This is an action for money had and received, not one brought upon a note, that document having only been resorted to as a piece of evidence in the suit, not as the foundation of it.

RESCRIPT by

DANFORTH, J. An action for money had and received, sustained by a valid promissory note, signed in the presence of an attesting witness, is an action upon such note, within the meaning of R. S., c. 81, § 83, and may be maintained within the same period of limitation as if the note had been specifically declared upon.

*Exceptions sustained.*

APPLETON, C. J., CUTTING, BARROWS and PETERS, JJ., concurred.

Dissenting opinion by

DICKERSON, J. This is assumpsit for money had and received, submitted to the presiding justice with the right to except. The exceptions do not show whether the justice, in disallowing the amendments, made the ruling in the exercise of his judicial discretion, or as matter of law. As exceptions lie only in the latter case, we are thus unable to pass upon the question intended to be presented by the exceptions upon this branch of the case. They must, therefore, be dismissed.

The justice found as matter of fact that the defendant gave the plaintiff his promissory note, dated July 7, 1857, for the sum of $1780.00, payable in six months from date with interest, and that this note was signed in the presence of an attesting witness. He also ruled, as matter of law, that the action was barred by the statute of limitations. To this ruling the plaintiff alleged exceptions.

R. S., c. 81, § 79, provides that all actions of assumpsit shall be commenced within six years from the time the cause of action accrued and not afterwards. By § 83 of the same chapter this lim-

itation does not apply "to actions brought upon promissory notes when signed in the presence of an attesting witness."

The ruling of the justice was correct unless this is to be regarded as an action upon a promissory note. In terms it is an action for money had and received. The plaintiff does not declare upon any note. How then can this be deemed an action upon a promissory note? But it is contended by the counsel for the plaintiff that it is competent to introduce a promissory note, as evidence in support of the count in the writ, and that, for this reason, the action may properly be regarded as an action upon the note thus introduced. But the writ and declaration fix the character of an action ; that is established before the evidence is introduced, and the evidence cannot change it. The *factum probandum* is money had and received. *Non constat* that a promissory note will appear in the case ; the gist of the action may be established by parol evidence that the defendant has received the plaintiff's money or by a receipt acknowledging the same, as well as by a promissory note. According to the counsel's theory this would be an action on a receipt, if the plaintiff had introduced a receipt to prove the count in the writ ; and thus the same action, with the same single count in the writ, would have as many types and characters, as the different instruments, or kinds of evidence introduced to support it would indicate, though none of these should be declared on or contained in the declaration.

An action takes its form from the writ and its character from the subject matter declared on, or referred to in the count or counts contained in the declaration. In no view of the case can an action for money had and received be properly denominated "an action on a promissory note," in the purview of the statute. When, in such action, a note is introduced in evidence, it is not introduced because it is sued, nor as a note, but as evidence of the defendant's acknowledgement of the truth of the allegation in the writ, that "he had and received the plaintiff's money." The note, when introduced in evidence, is competent evidence of that fact, whether it appears to have been "signed in the presence of an at-

Merrill v. Merrill.

testing witness" or not; the attestation or want of attestation does not affect the competency of the note as evidence an iota. Nor is it material to the admissibility of such note in evidence, whether it fell due a year or twenty years before the action was commenced. The competency of the note as evidence is one thing, and the legal effect of it is quite another.

The note was given in 1857, and more than six years had elapsed from the day it fell due to the time when this action was commenced. As between the original parties, the note is evidence of the defendant's receipt of so much money, whether witnessed or not, or even though it had been invalidated as a note, by alteration. It is, moreover, evidence of "money had and received," in a technical sense. *Byles on Bills*, 424; *Bayley on Bills*, 244. But while the note is evidence of the defendant's acknowledgement of so much money had and received of the plaintiff by a kind of legal *felo de se*, it also furnishes proof, under the statute of limitations, that the plaintiff's right of action is barred by that statute. R. S., c. 81, § 79.

We have arrived at this conclusion, not without having considered the ingenious argument of the plaintiff's counsel, and the array of authorities cited in support of his position. While these authorities clearly support the doctrine that a promissory note is competent evidence to support an action for money had and received, they fail to maintain the theory of the counsel, that an action for money had and received, when supported in evidence by an attested promissory note, stands in the same relation to the statute of limitations as an action brought upon the note itself. The statute upon this point applies only "to actions on promissory notes." R. S., c. 81, § 83. This is not such an action, as the presiding justice in our judgment very properly ruled when he decided that it is barred by the statute of limitations.

VIRGIN, J., concurred in the foregoing dissenting opinion.