Casteel, Ad. v. Walker.

## CASTEEL, AD. vs. WALKER.

1. PROMISSORY NOTE: *Conventional interest. Construction. Parol evidence.*

A note payable one day after date with ten per cent. interest from date, bears that interest until paid, though the words "until paid" be omitted. But if the note be payable more than one day after date it will bear the conventional interest only to maturity unless it otherwise expresses on its face. Parol evidence of the intention of parties at the execution of the note is not admissible in an action on the note.

APPEAL from *St. Francis* Circuit Court.

HON. J. N. CYPERT, Circuit Judge.

*Dunn & Howes* for Appellant.

A one day note is just as much within the rule as one for a thousand years. *Newton vs. Kennerly,* 31 *Ark.,* 626; *Woodruff vs. Webb,* 32 *Ib.,* 612.

Parol evidence is not admissible to vary the terms of a promissary note by *proving the intentions of the parties. Martin vs. Cole,* 104 *U. S.* (14 *Otto*), *p.* 30.

*Geo. H. Sanders* for Appellee.

The note is practically a *demand* note, and aside from

Casteel, Ad. v. Walker.

this, there is such ambiguity in the interest clause as clearly permitted oral proof of the intentions of the parties.

STATEMENT.

ENGLISH, C. J.    The subject of litigation in this suit is the following note:

"FORREST CITY, ARKS., March 26th, 1875.

$500.    One day after date we promise to pay to the order of John W. Walker, five hundred dollars, with interest at 10 per cent. per annum, value received.

A. L. GRADY & Co."

Credits endorsed on back of note:

January 22d, 1877, $100.

March 24th, 1877, $300.

June 14th, 1879, $32.25.

At some time after the last credit endorsed on the note, A. L. Grady died, and R. W. Casteel was appointed his administrator.

On the 3rd of May, 1881, Walker presented for allowance to the Probate Court of St. Francis county a verified claim against the estate of Grady, founded on the note, for $228.38, as balance of principal and interest due after deducting the credits endorsed; and which claim had been presented to Casteel as administrator of the estate, and by him rejected.

The administrator appeared and contested the claim, and the Probate Judge decided that the claimant was entitled to interest on the note at ten per cent. from its date to its maturity and interest at 6 per cent. thereafter, and allowed and classed the claim for $153.38, as balance of principal and interest due on the note; and Walker appealed to the Circuit Court.

In the Circuit Court, the case was submitted to the Court 10th of October, 1881, and after reading in evidence the

Casteel, Ad. v. Walker.

claim, Walker called as a witness J. P. Keathly, surviving partner of A. L. Grady & Co., the makers of the note, who testified that he was such surviving partner, and was present when the note was executed. Whereupon Walker asked him the following questions:

"The note in question expresses that it is to bear interest at ten per cent. What was the understanding of the parties to this note at the time the same was executed as to the length of time the principal in said note was to bear the rate of ten per cent. interest per annum?"

To this question Casteel, the administrator, objected, the Court overruled the objection, and the witness was permitted to answer as follows:

"It was the intention of the parties when the note was executed, that it should bear interest at the rate of ten per cent. per annum from its date until it was fully paid off, and discharged."

To which answer Casteel objected, and moved to exclude it, but the Court overruled the objection, and he excepted.

The Court found as matter of fact that the note was intended by the parties to bear interest at the rate of ten per cent. per annum from its date until paid; and declared the law to be:

"That a note payable one day after date is practically a demand note, and it cannot be presumed that the parties executing such note with a clause therein specifying a certain rate of interest only intended such contract rate of interest to continue for one day; on the contrary the presumption is that the parties intended the note to bear interest at the rate specified until the principal was fully paid, although the expressions 'from date' and 'until paid' may have been omitted."

To which declaration of law Casteel excepted.

The Court rendered judgment in favor of Walker against

Casteel, as administrator, for $242.97 as balance of principal and interest due on the note at the date of trial.

Casteel moved for a new trial, which was refused, and he took a bill of exceptions, and appealed to this Court.

### OPINION.

I.   There is no rule of law better settled, or more salutary in its application to contracts, than that which precludes the admission of parol evidence, to contradict or substantially vary the legal import of a written agreement. *Renner vs. Bank of Columbia*, 9 *Wheat.*, 587 ; *Martin vs. Cole*, 104 *U. S.* (14 *Otto*), 38 ; *Joyner vs. Turner*, 19 *Ark.*, 690 ; *see cases cited in Rose's Digest, title* EVIDENCE, 20(*a*).

Whether the makers of the note contracted to pay ten per cent. interest after the maturity of the note was a question of law to be decided by the Court from the face of the note —from its legal import—and parol testimony was not admissible to prove what may have been the intention of the parties to the written contract.

II.   Six per cent. is the legal rate of interest, but "the parties to any contract, whether the same be under seal or not, may agree in writing for the payment of interest not exceeding ten per centum on money due or to become due." *Act of 9th February*, 1875.   (*Acts of* 1874–5, *p.* 145) ; *Constitution, Art.* 19, *Sec.* 13.

In *Newton vs. Kennerly*, 31 *Ark.*, 620, the note was dated 8th March, 1870, when the legal rate of interest was six per cent., but the parties were at liberty to contract for any rate. *Gantt's Digest, Sec.* 4277–8. The note was payable on or before the 1st of January, 1871, "with interest at 16 per cent. per annum from date," omitting the words until paid, and this Court held that there was a contract for the rate of interest expressed in the note until its maturity only, and after that it bore no more than the legal rate of interest.

In *Pettigrew vs. Summers*, 32 *Ark.*, 571, the note was dated

12th October, 1876, (after the passage of the Act of 9th Feb., 1875), and payable thirty days after date, "with interest at ten per cent. per annum from date," and the Court held that the legal effect of the contract was that the obligors agreed to pay interest on the debt at the rate of ten per cent. per annum from the date of the obligation for thirty days, the time of its maturity, and the contract being silent as to the rate of interest to be paid on the debt after due, the words "*until paid*" being omitted in the interest clause, the debt bore the legal rate of interest only after maturity, following. *Newton vs. Kennerly.*

Same ruling in *Woodruff vs. Webb, Ib.,* 613, where the note was payable four months after date.

See also *Gardener et al. vs. Barnett,* 36 *Ib.,* 477.

In *Vaughan et al. vs. Kennan,* 38 *Ark.,* 114, JUSTICE EAKIN said:

"This Court has repeatedly decided that, in case of notes bearing contractual interest, when there is no agreement as to interest after maturity, they can only bear interest at the ordinary rate of six per cent. after due. It is a matter of intention to be gathered from the direct expressions, or plain import of the instrument."

No doubt in all the cases where ten per cent. interest was contracted for, it was in the minds of parties that the debts should bear that rate until paid, but it was not so expressed in the notes. Such was not their legal import.

The note in suit is payable one day after date, with interest at ten per cent. per annum. The Court below decided that the note was practically a demand note.

Technically it differs from a note payable on demand in this: A demand note is payable at, once, and suit may be brought upon it immediately after its execution, but an ordinary action cannot be brought on a note payable one day after date, until after the day of payment has transpired.

Casteel, Ad. v. Walker.

In *Paine v. Caswell, et al.*, 63 *Maine* 80, the form of the note sued on was: "For value received we promise to pay John S. Paine, or order, five hundred dollars, and interest at ten per cent." JUSTICE PETERS, for the Court said: "The question is, for how long a period can the plaintiff require that rate of interest to be paid. The note, although not so expressed, is on demand. Where a note is payable on time with interest exceeding six per cent., no more than six per cent. is recoverable after maturity, there being no bargain for interest after that time. In such case interest after the note is due is allowed only by way of damage. *Eaton v. Boissonnault* 67 *Maine*, 540. It is different, however, if the note stipulates for extra interest after, as well as before it is due. In such a case, the rate of interest, is collectable according to the contract. *Capen v. Crowell*, 66 *Maine*, 282. Applying this doctrine as well as it can be applied, to the present case, we think interest at the rate agreed should be reckoned up to the date of the judgment to be recovered on the note. The meaning of the parties could not have been, that the interest at the rate named was payable until the note was due, and not after, because there was no time after the note was delivered before it became due. It was due *instanter*. It could have been sued on by the plaintiff on the moment he received it. The statute of limitations then commenced to run against it. It could not have been in the contemplation of the parties that the note was to be immediately paid, for in such a case, the note would be but an idle form. The idea of the contract must have been that the maker would pay the stipulated interest as long as the note might run. Such a note as this is denominated in the cases as a continuing promise, and a continuing security."

In *Gray, &c. vs. Briscoe, 6 Bush, (Ky.)*, 687, the note in suit was made in Missouri, where six per cent. was the legal

rate of interest, but the parties might contract in writing for interest not exceeding ten per cent per annum. The note was for five hundred dollars, payable one day after date, "with ten per cent interest from date."

JUSTICE HARDIN, for the court, said :—" It is agreed for the appellants that the contract imports only an agreement to pay interest at ten per cent, for one day, and that after the maturity of the debt, it bore only the legal rate of interest. In several of the States having statutes legalizing such contracts, the question has arisen, what rate of interest shall be charged in cases where the contract provides for a higher rate than the legal rate, up to the time of maturity, but is silent as to the rate to be charged afterwards, until' payment. Upon this question the adjudged cases are in conflict; but the weight of authority, including the decision of the Supreme Court of the United States in the case of *Brewster vs. Wakefield*, 22 *Howard*, 118, is that ordinarily in such cases, the rate provided by statute shall prevail after the maturity of the debt, &c., &c., But while we recognize this as the correct rule in cases where it appears that the parties meant to fix the rate of interest with reference to the time of maturity, and not of payment, this case must be controlled by the intrinsic evidence which the contract itself furnishes of the intention of the parties. The amount of interest secured by the contract in excess of the rate of six per cent. per annum, for a single day, is so inconsiderable, that it is scarcely reasonable to suppose the parties intended to restrict the stipulated rate of interest, to the maturity of the contract, but we must conclude that they intended it to continue until the debt should be paid."

This adjudication is in point, the reasoning of the opinion is persuasive, and we have concluded to follow it in this case.

As to the matter of interest, there is no substantial dif-

ference between a note payable one day after date, "with interest at ten per cent. per annum," and a note payable on demand, with ten per cent interest, or a due bill with like interest. It is not a reasonable construction of such contracts, to interpret them to mean that the parties meant to agree for the per cent interest for a single day, or for no time at all,

But it may be asked, if the established rule is not to be applied to a note payable one day after date, will it be applied if more days be added—where is the limit to be fixed? The question is not without perplexity. But it will make the rule certain to apply it in all cases where a longer time than one day is fixed for payment, treating notes payable at one day as substantially payable presently, and as a matter of form, which is in accordance with common habit and understanding.

We conclude that a note payable one day after date, "with interest at ten per cent per annum," bears that rate of interest until paid, and that such is the legal import of the note, and that the court below, correctly so declared the law to be, and though the court erred in admitting parol evidence to prove the intention of the parties, yet upon the whole record the judgment is right, and must be affirmed.