Bishop v. Dillard.

| 49 | 285 |
| 73 | 432 |

## BISHOP v. DILLARD.

EVIDENCE: *Contradicting written contract: Administrators; Set-off.*

In an action by an administrator against the maker of promissory notes, payable to the plaintiff as administrator, the answer alleged that the notes were made for certain lands sold by the administrator, and purchased by the defendant, who had a probated demand against the estate of the plaintiff's intestate; and that at the time of the sale the defendant had a verbal agreement with the plaintiff, that payment of the notes should not be exacted, but that the defendant might retain the amount thereof and apply it on his claim. *Held:* (1) That the verbal agreement is contradictory of the written contract and therefore void. (2) That it is not within the power of an administrator to bind the assets in his hands by an agreement that a debt contracted by his intestate, may be set off against one contracted to himself in favor of the estate; and that the answer therefore presents no defence available either at law or in equity.

APPEAL from *Howard* Circuit Court.

H. B. STUART, Judge.

*Jones & Martin* for appellant.

The answer set up as a defence a verbal understanding and agreement that is contradictory of the written contract. This cannot be done. The administrator sustained the relation of a trustee to the estate. The sale by him was a judicial sale, and not complete until confirmation. *32 Ark., 391; 45 id., 41.*

To allow such an agreement to be enforced would interfere with the due course of administration. A claim due from an

intestate to a creditor cannot be off-set against a demand due the administrator.   *12 Ark., 380.*

SMITH, J.   Harmon Bishop, as administrator of W. W. Bishop, sued the makers of two promissory notes, each for the sum of $388.75 and payable to himself as such administrator. The answer alleged that the notes were made for the purchase money of certain lands sold by the administrator; that the purchaser, Dillard, had a probated demand against the estate of the plaintiff's intestate for $2500 and that at the time of the sale, he had a verbal understanding and agreement with the plaintiff that payment of the notes would not be exacted, but that Dillard might retain the amount thereof on his claim; that the plaintiff in his representative capacity had conveyed the lands to Dillard, but had refused to surrender the notes, pursuant to said agreement; that the estate is insolvent and plaintiff had wasted its assets.   And it was prayed that the cause might be transferred to equity, and the plaintiff be required specifically to perform his agreement.

To this answer a general demurrer was overruled; the plaintiff rested; final judgment went against him; and he appealed.

It was decided in *Bizzell v. Stone, 12 Ark., 378*, that a debt contracted by an intestate cannot be set off against one contracted with his administrator in favor of the estate, because it interferes with the course of administration, and may defeat or postpone the payment of other creditors of the same class, or even of a preferred class.

The question then arises, what effect can the agreement of the administrator have to vary this rule of law?   It is to be observed, in the first place, that the answer sets up a verbal agreement that is contradictory of the written contract.   And, in the second place, an administrator has no power to make an

agreement of this nature, which will bind the assets in his hands. He is a trustee; the fund that he is dealing with is a trust fund, dedicated by law to the payment of debts, according to their priority, and of debts of the same class *pari passu;* and the creditor, who thus seeks to obtain an undue advantage, has notice that it is a trust fund, about to be diverted from its legitimate purpose. Thus, in *Payne v. Flournoy, 29 Ark., 500*, it was held that an executrix, who had in her possession notes belonging to the estate, could not appropriate them to the payment of one creditor in preference to others.

The answer presents no defense to the action which is available either at law or in equity. The judgment is reversed and cause remanded, with directions to sustain the demurrer.