RICHIE v. FRAZER.

PAROL EVIDENCE: *To modify or explain note for "dollars," payable to county.*

· The legal effect of a promissory note for money due a county of this state, drawn in the ordinary form for dollars, without specifying the medium of payment, is fixed by statute, (*Mansfield's Dig.,* *Sec.* 1146), under which it is payable in the lawful money of the United States or the warrants of such county; and parol evidence is not admissible to modify or explain it, as by proving an agreement that it should be paid in lawful money.

Richie v. Frazer.

APPEAL from *Bradley* circuit court.
GEO. W. NORMAN, Special Judge.

*W. S. McCain,* for appellant.

The note and judgment was payable in "dollars" only. Under *Mansfield's Dig., Sec.* 1146, this debt could have been paid in scrip in the absence of an *express* agreement. Evidence to prove this *express* agreement was admissible. *Sessions v. Peay,* 21 *Ark.,* 100; *Helena v. Turner,* 36 *Ark.,* 577.

The Act of 1875, *Mansf. Dig., Sec.* 1146, was repealed by implication. *Sec.* 1065 *and note;* Act February 1, 1879.

*W. P. Stephens,* for appellee.

*Sessions v. Peay* is not the "exact question" presented in this case.

By Act December 14, 1875, all debts due the county were payable in its scrip or warrants. 32 *Ark.,* 417.

The note being payable in *dollars* merely, the law fixes the medium in which it is payable. Parol evidence not admissible to contradict the writing. 29 *Ark.,* 547.

Appellee had a right to pay in county warrants. *Act December* 14, 1875; 32 *Ark.,* 277; *Ib.* 417; 31 *Id.,* 46.

BATTLE, J. Bradley county sold its poor house to Mary A. Frazer for one-third cash, and two promissory notes for the remainder of the purchase money. One of the notes not being paid at maturity, suit was brought on it for the use of the county, and judgment was recovered for the full amount thereof. It was not stated in either the notes or the judgment in what medium payment was to be made. Execution was issued, and Mrs. Frazer paid the costs in lawful money and tendered to the sheriff the remainder due on the judg-

Richie v. Frazer.

ment and execution in the warrants of the county of Bradley, and he refused to accept them. She, thereupon, petitioned the Bradley circuit court to compel him to receive them. On the hearing of the petition the defendant offered to prove by parol testimony that it was understood and agreed by all parties to the notes that they should be paid in lawful money, of the United States, and the court refused to receive or hear the testimony, and granted the petition, and defendant appealed.

The only question in the case is, is this testimony admissible? Appellant contends that it is, and to sustain his contention cites *Sessions v. Peay,* 21 *Ark.,* 100. The notes sued on in that case were executed to the Trustees of the Real Estate Bank. At the time they were executed there was a parol agreement between the payees and the makers that they should be paid in the gold and silver coin of the United States, but this agreement was not incorporated in the notes. They were in the ordinary form, and payable in dollars. A statute then in force provided that such notes might be paid in the bonds issued by the state to the Real Estate Bank. But this court held, conceding that this statute was valid, that the parol evidence was admissible to show that the notes were payable in specie, and that it was not contradictory, " but consistent with what is expressed in the face of the notes."

But *Sessions v. Peay* is clearly contrary to the rule of evidence as held by this court, and against the overwhelming weight of authority. This court has often held that parol evidence is inadmissible to vary, qualify or contradict, to add to or subtract, from the absolute terms of a valid written contract, containing no ambiguity. As to the correctness of this rule of evidence there is not a solitary doubt, *Haney v. Caldwell,* 35 *Ark.,* 156; *Scott v. Henry,* 13 *Ark.,* 125; *Trowbridge v. Sanger,* 4 *Ark.,* 179; *Glanton v. Anthony,* 15

*Ark.*, 543; *Hensley v. Brodie*, 16 *Ark.*, 511; *Borden v. Peay*, 20 *Ark.*, 293; *Turner v. Baker*, 30 *Ark.*, 186; *Pickett v. Ferguson*, 45 *Ark.*, 177.

In *Brown v. Wiley*, 20 *How.*, 447, it is said: " When the operation of a contract is clearly settled by general principles of law, it is taken to be the true sense of the contracting parties. This is not only a positive rule of the common law, but it is a general principle in the construction of contracts. Some precedents to the contrary may be found in some of of our States, originating in hard cases; but they are generally overruled by the same tribunals from which they emanated, on experience of the evil consequences flowing from a relaxation of the rule." *Martin v. Cole*, 104 *U. S.*, 30.

A statute of this state provides that all county warrants and county scrip shall be receivable for all debts due the county by whose authority the same were issued. This statute has been held by this court to be constitutional; and that county warrants under it, are receivable for county debts. *The State, use of Chicot County v. Rice*, 12 *Ark.* 721; *Askew v. Columbia County*, 32 *Ark.*, 270.

PAROL EVI-
DENCE:
To explain
note for
"dollars,"
payable to
county.
The note in question in this case is for money due to the county of Bradley. It is a valid contract and unambiguous. It does not specify in what medium it shall be paid, but it is in the ordinary form and is for dollars. Its legal effect and operation is fixed and settled by the laws of this state; and it is payable in the lawful money of the United States, or the county warrants of Bradley county, and parol evidence is not admissible to modify or explain it. *Noe v. Hodges*, 3 *Humph.*, 162; *Cowles v. Townsend*, 31 *Ala.*, 133; *Clark v. Hart*, 49 *Ala.*, 86; *Langenberger v. Kroeger*, 48 *Cal.*, 147; *Baugh v. Ramsey*, 4 *T. B. Mon.*, 155; *Pack v. Thomas*, 13 *Smedes & Mar.*, 11-16; *Cockrill v. Kirkpatrick*, 9 *Mo.*, 688-695; *Alsop v. Goodwin*, 1 *Roote*, (*Conn.*) 196; *Thorington v. Smith*, 8 *Wall.*, 1; *Cole v. Hundley*, 8 *Sm. & M.*, 473-478; 2 *Parsons on*

*Notes and Bills* (2d Ed.), pp. 501, 506-508, and cases cited.
Judgment affirmed.