TISDALE *v.* MALLETT.

Opinion delivered December 24, 1904.

CONTRACT—PAROL EVIDENCE TO VARY TERMS.—It is inadmissible to vary the terms of a promissory note by proof of a contemporaneous parol agreement that the payee would remit the interest for the first year.

Appeal from Cleveland Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

*Myers & Bratton,* for appellants.

*W. S. Amis,* for appellee.

McCULLOCH, J.   This is a suit by appellees to foreclose a mortgage on real estate executed by appellant Tisdale and wife to secure a note.

Appellants in their answer pleaded payment of the note and the testimony was conflicting.   The court made a reference to a master to state the account, and upon the incoming of the master's report the court overruled appellants' exceptions thereto, and rendered a decree for the balance found due on the note.

As to all the disputed payments save two, the preponderance of the evidence is in favor of appellees, the testimony of appellant N. R. Tisdale being unsupported on the point by any other witness, and in direct conflict with the testimony of appellee Mallett and witness McKee.   The item of $29.35 is testified to by Tisdale, unsupported except by the entry on his own books, and the same is denied by Mallett.   The burden of proof being upon appellants to sustain the plea of payment, they have failed as to this item to sustain the plea.   The item of $81, credit claimed, was for interest on the note for one year.   The note bears interest at the rate of 10 per cent. per annum from the date until paid, but Tisdale testifies that, when the note was

presented to him for his signature, he declined to sign it until Mallett agreed to "knock off" the interest for the first year. His testimony on this point is supported by other evidence, but is disputed by Mallett. This is no more nor less than an effort to vary, by parol evidence, the terms of a written instrument by proving a contemporaneous verbal agreement, and therefore is not permissible. *Bishop* v. *Dillard,* 49 Ark. 285; *Jenkins* v. *Shinn,* 55 Ark. 347; *Richie* v. *Frazer,* 50 Ark. 393.

The decree of the chancellor is affirmed.