ABBOTT *v.* KENNEDY.

Opinion delivered February 25, 1918.

1. APPEAL AND ERROR—BILL OF EXCEPTIONS.—On appeal, in order to make the error of the trial court appear, it is necessary that the appellant present here a bill of exceptions which shows either by express statement that it contains all the testimony that was introduced at the trial, or it must contain statements from which it appears inferentially and by natural implication that it contains all of the evidence.

2. SAME—SAME—ALL THE EVIDENCE.—A bill of exceptions held to show that it contained all of the evidence that was introduced.

3.   SAME—SAME—SAME.—A stenographer's certificate as to the correct-
     ness of the record of the testimony taken by him, unless approved
     by the presiding judge, could not 'have the effect of making such
     evidence a part of the bill of exceptions, although such certificate
     may be found in the transcript of the record.   But where it is shown
     that the bill of exceptions contains the certificate of the stenographer
     to the effect that the record kept by him was a true and correct
     transcript of the evidence and the bill of exceptions recites that it
     was presented to, approved, and signed by the trial judge, then
     such certificate thus approved by the trial judge does warrant the
     conclusion that the evidence thus brought into the bill of exceptions
     was all the evidence adduced at the trial.

4.   BILLS AND NOTES—PROOF OF CONSIDERATION—OUTSIDE AGREEMENT—
     PAYMENT OF NOTE BY DIVIDENDS ON STOCK.—In an action on a note
     it is not competent to establish by parol testimony that the con-
     sideration expressed in the note was to be paid only upon condition
     that the stock, which the note was given to purchase, produced
     dividends sufficient to pay the same.

Appeal from Sebastian Circuit Court, Fort Smith
District; *Paul Little,* Judge; reversed.

*G. C. & Joe Hardin,* for appellant.

1.   The note was plain and unambiguous.   A written
contract can not be altered, varied or explained away by
parol testimony.   4 Ark. 154; 20 *Id.* 304; 19 *Id.* 690; 24
*Id.* 210; 40 *Id.* 120; 49 *Id.* 285; 50 *Id.* 393; 73 *Id.* 431; 131
Ark. 501; 43 Pac. 681; 207 *Id.* 101; 60 Iowa, 727; 73 *Id.*
53. ' See 63 Fed. 377.

*Hill, Fitzhugh & Brizzolara,* for appellee.

1.   The bill of exceptions does not affirmatively show
that it contains all the evidence.   80 Ark. 600; 105 *Id.*
676; 102 *Id.* 439; 80 *Id.* 441; 105 *Id.* 53; 92 *Id.* 148; 81
*Id.* 327.

2.   Here both parties requested a directed verdict
and a jury trial was thus waived and the cause submitted
to the court.   His finding is equivalent to a verdict of the
jury.   100 Ark. 71; 105 *Id.* 25.

2.   Parol evidence was admissible, not to vary or
contradict a written instrument, but show that it was
conditional and not intended to take effect until another
event should take place.   The obligation was dependent
and conditional.   153 U. S. 228; 76 Ark. 140; 128 U. S. 590.

*G. C. & Joe Hardin,* for appellant, in reply.

1. It sufficiently appears that the bill of exceptions contains all the evidence. 36 Ark. 496; 49 *Id.* 365; 38 *Id.* 102; 80 *Id.* 441; 92 *Id.* 150; 105 *Id.* 53; 102 *Id.* 441; 89 *Id.* 53; 105 *Id.* 677; 123 *Id.* 594; 30 N. E. 528; 55 Ark. L. R. 343.

### STATEMENT OF FACTS.

Appellant sued appellee on a note of $1,000 executed by appellee to S. H. Abbott on November 18, 1911, due one year from date. Appellant alleged that the note had been assigned to her for value before maturity in due course of trade. Appellee answered, admitting execution of the note, but denied that it had been assigned to the appellant in due course of trade for value before maturity and said that he had bought some corporation stock from S. H. Abbott in part payment of which he had given this note and that it was understood and agreed at the time that the note was executed and delivered to Abbott that the note would only be paid from dividends earned by the stock which he had bought from Abbott, and if the stock for which the note was executed earned no dividends then the note was not to be paid. He alleged that the stock had earned no dividends. The case was tried before a jury and at the conclusion of the testimony appellant asked for a peremptory instruction, which was denied, and the appellee asked for a peremptory instruction, which was granted.

From a judgment in favor of the appellee this appeal has been duly prosecuted.

WOOD, J., (after stating the facts). Appellee insists that the bill of exceptions does not affirmatively show that it contains all the evidence. The bill of exceptions, after reciting that the cause came on to be heard for trial before a jury, contains the following: "Whereupon the plaintiff in order to maintain the issues upon her part, introduced the following testimony, towit." Then follows the testimony, then the recital, "plaintiff rests;" after this the recital, "The defendant offers in evidence the following;" then follows the testimony given by the

defendant, the last in order being a deposition of Miss Vogel's; then follows the recital, "plaintiff's rebuttal testimony."

The bill then recites as follows: "Mr. Hardin, I will now offer Mr. Abbott's testimony in rebuttal. Objected to, objection sustained, exception saved."

"*Court.* Let the record show that plaintiff moves for a peremptory instruction. Motion overruled. Exception saved. Defendant moves the court for a peremptory instruction. Motion sustained and the jury directed to find a verdict for the defendant. Plaintiff's exceptions saved." (Here follows motion for new trial.) Then follows the recital: "I, Guy E. Williams, official reporter for the Twefth Circuit of Arkansas, hereby certify that the above and foregoing is a true and correct transcript of the evidence, exceptions thereto, motion for new trial and decisions of the court." Then follows the certificate of the trial judge, concluding as follows: "Now comes plaintiff and presents his true bill of exceptions in this cause and asks that the same be signed, sealed and made a part of the record, which is accordingly done, this the 17th day of August, 1917." Signed, Paul Little, Circuit Judge Twelfth Circuit.

This appeal seeks to reverse the judgment based upon a directed verdict, one of the assignments of error being that "the verdict is contrary to the evidence," and another that "the court erred in giving peremptory instructions for the defendant."

(1) In order to make the error of the court appear, it is necessary that the appellant present here a bill of exceptions which shows either by express statement that it contains all the testimony that was adduced at the trial or it must contain statements from which it appears "inferentially and by natural implication" that it contains all the evidence. See *Liggett* v. *Grimmett,* 36 Ark. 497; *Overman* v. *State,* 49 Ark. 364; *Mitchell* v. *Young,* 80 Ark. 441: *Walker* v. *Noll,* 92 Ark. 148; *Roberts Cotton Oil Co.* v. *Grady,* 105 Ark. 53.

(2)  While there is no express statement in this bill
of exceptions that it contains all the evidence, yet such
should be inferred from its general tenor.   True, there
is no express statement at the conclusion of the testimony
adduced by the defendant and set forth in the bill of ex-
ceptions, "that the defendant rests," but following this
testimony there is this recital, "plaintiff's rebuttal testi-
mony" and a recital showing that "the plaintiff offered
testimony in rebuttal," to which there was objection and
which objection was sustained.   Then a recital that,
"plaintiff moves for peremptory instruction," and a fur-
ther recital that the "defendant moves for peremptory
instruction," which motion was sustained, and "the jury
was directed to find a verdict for the defendant."

"Now, in the regular and orderly progress of the
trial plaintiff could not have introduced her rebuttal tes-
timony until the defendant had closed his testimony and
rested, so the recitals at the conclusion of and following
the testimony adduced by the defendant are tantamount
to a statement that the defendant after closing his testi-
mony as set out had rested, at least this is the natural
inference to be drawn from such recitals.

Furthermore, the transcript of the record in this case
presents "a bill of exceptions," reciting that "the cause
came on for trial before the Honorable Paul Little, judge
presiding, "showing that the respective parties intro-
duced their testimony which consisted of documentary
evidence, oral testimony, and depositions which are set
forth in the bill of exceptions.   The order in which the
testimony was introduced and by whom introduced is
shown, and the rulings of the court upon the evidence and
instructions are set forth, followed by a motion for a new
trial.   Then the certificate of the official stenographer
that "the above and foregoing is a true and correct tran-
script of the evidence," etc., is set forth in the bill of ex-
ceptions.   This bill was presented by the plaintiff to the
presiding judge "for his true bill of exceptions," all of
which, as shown by the certificate of the presiding judge,
was "signed by him and made a part of the record."

(3) A stenographer's certificate as to the correctness of the record of the testimony taken down by him, unless approved by the presiding judge, could not have the effect of making such evidence a part of the bill of exceptions, although such certificate may be found in the transcript of the record. *Beecher* v. *State,* 80 Ark. 600. But where it is shown, as here, that the bill of exceptions contains the certificate of the stenographer to the effect that the record kept by him was a true and correct transcript of the evidence and the bill of exceptions recites that it was "presented to, approved and signed by the trial judge," then such certificate thus approved by the trial judge does warrant the conclusion that the evidence thus brought into the bill of exceptions was all the evidence adduced at the trial.

In *Leggett* v. *Grimmett, supra,* Chief Justice ENGLISH, speaking for the court, says: "It is not expressly stated in the bill of exceptions that it contains all of the evidence adduced at the trial but such is to be inferred from its general tenor."

The appellee admitted in his answer that he signed and delivered the note sued on, but he set up, "that for services rendered companies in which S. H. Abbott was the principal stockholder, Abbott offered and insisted that Kennedy have an additional $1,000 stock in the Fort Smith Refrigerator Company, which would carry with it $2,500 stock in Copeman Electric Stove Company; that it was agreed by and between S. H. Abbott and defendant that in the event the Fort Smith Refrigerator Company and the Copeman Electric Stove Company failed to pay dividends sufficient to pay said note that demand would not be made for the payment of the same; that the note was executed as a conditional obligation payable only from the dividends; that it was a condition precedent for the payment of the note that the stock purchased earned dividends with which to pay the same."

(4) The court, over the objection of the appellant, permitted the appellee to introduce testimony to prove the above allegations. This was error. It was not compe-

tent to establish by parol testimony that the considera-
tion expressed in the note was to be paid only upon condi-
tion that the stock, which the note was given to purchase,
produced dividends sufficient to pay the same.

The note upon its face was a plain promissory note,
for $1,000, payable one year from the date thereof, to the
payee or his order. Appellee admitted the note was exe-
cuted and delivered. This completed the contract be-
tween the parties to it. To permit oral testimony that
the consideration was to be paid only upon a condition
precedent was in contravention of the familiar rule which
precludes the admission of parol evidence to contradict or
substantially vary the legal import of a written instru-
ment. *Featherstone* v. *Wilson,* 4 Ark. 154; *Joyner* v.
*Turner,* 19 Ark. 690; *Borden* v. *Peay,* 20 Ark. 304; *Roane*
v. *Green & Wilson,* 24 Ark. 210; *Castell* v. *Walker,* 40 Ark.
117; *Bishop* v. *Dillard,* 49 Ark. 285; *Richie* v. *Frazer,* 50
Ark. 393; *Tisdale* v. *Mallett,* 73 Ark. 431; *Harmon* v. *Har-
mon,* 131 Ark. 501. Cases cited in appellant's brief.

In *Harmon* v. *Harmon, supra,* we said, "to permit
appellant to prove that a plain promissory note payable
under the laws in money was under the terms of a contem-
poraneous parol agreement, to be paid in merchandise
would be to violate the rule which prohibits the produc-
tion of parol evidence to vary or contradict the terms of
the written contract. Such is the effect of the decisions
of this court and of the authorities generally."

The doctrine of the above cases is applicable to the
facts of this record. Counsel for the appellee rely upon a
line of cases which hold that where a contract was exe-
cuted and delivered upon condition that it was not to take
effect until another event should take place; that as be-
tween parties to such a contract the same is not enforce-
able until the contingency happens which, according to
the intent of the parties, renders the contract binding.
*Ware* v. *Allen,* 128 U. S. 590; *Burke* v. *DuLaney,* 153 U. S.
228; *Graham* v. *Remmel,* 76 Ark. 140.

In these latter cases it was the understanding between the parties that there was to be no binding contract at all when the same was executed and handed over to the payee or obligee and was not to become so until a certain event took place. But in the case at bar the appellee admitted that the contract took effect and was completed at the time of the delivery, and he undertook to show by parol testimony that it was to be paid only in the event the dividends earned from the stock were sufficient to pay the consideration.

In *Gorrell v. Home Life Ins. Co.*, 63 Fed. Rep. 371, 377, it is said, "The proof proposed here was of an agreement inconsistent with the writing, which in itself is complete and unambiguous. The written promise to pay is absolute. By the proposed proof that promise would have been nullified, and the note converted into an agreement that the sum named should be paid out of accruing commissions, and not otherwise. The case is clearly distinguishable from *Burke* v. *Dulaney*, 153 U. S. 228, 14 Sup. Ct. 816, where evidence was admitted to show a parol agreement that a note should not become operative as a note until the maker could examine the property for which it was given. The attack was upon the delivery, and not, as in this case, upon the meaning of the terms of a note, of the delivery of which no question has been made either in the pleadings or proofs."

The above is exceedingly apposite to the facts of this record. Since the appellee in his answer and proof tenders no issue that would be a good defense to the note, the issue as to whether appellant was an innocent holder passes out.

The judgment is, therefore, reversed and judgment will be rendered here in favor of appellant for the sum of $1,000, with interest, as shown on the face of the note.