## EDWARDS *v.* CLARK.

Opinion delivered March 2, 1925.

APPEAL AND ERROR—NECESSITY OF BRINGING UP ALL THE EVIDENCE.—An assignment of error in giving a certain instruction as "not justified by the evidence in the case" will not be considered on appeal where the bill of exceptions does not show either expressly or inferentially that it contains all the evidence.

Appealed from Greene Circuit Court, *G. E. Keck,* Judge; affirmed.

*Jeff Bratton,* for appellant.

Instruction No. 6 given by the court was erroneous. The instruction was given after argument of the case had commenced, and laid undue stress upon the matter of the sun shining in appellant's eyes, practically amounting to instructing a verdict for the plaintiff, and that, too, upon a proposition injected into the case by the plaintiff not based on any allegation in the pleadings and not supported by any evidence of any consequence. As sustaining the contention of appellant, see 14 Ark. 296; 14 R. C. L. p. 780, 784; 10 A. L. R. 296. If section 1292, C. & M. Digest, is to be construed literally, the instruction came too late and was improper. Instruction No. 1 was erroneous in that no qualification was made to the statement as to "the law of the road." 136 Ark. 31.

*D. G. Beauchamp,* for appellee.

The bill of exceptions did not contain all the evidence. Where there is no affirmative or inferential showing that all the evidence is contained in the bill of exceptions, the rulings of the court, etc., are presumed to be correct. 74 Ark. 551; 54 Ark. 159; 80 Ark. 74; 81 Ark. 327; 133 Ark. 105.

WOOD, J. This is an action by the appellee against the appellant for damages alleged to have accrued to appellee by reason of the negligent and willful act of the appellant in driving his car against the appellee's car. The answer denied the allegations of the complaint. The appellant abstracts the testimony as follows:

J. A. Clark testified that the time of day when the collision occurred was about five o'clock. The sun was shining, and the defendant was going towards the sun, down the hill, and the plaintiff was going away from the sun, up hill. The defendant (appellant) testified that "the sun was a little bit bad about 5:30 in the afternoon, but I could see the street very well ahead. I could not see as well as if there were no sun in my face." The witness was asked the following questions:

"Q. Weren't you figuring on that as a defense until now—because the sun was shining in your face, and it was an accident? A. No sir. Q. Mr. Bratton told you that wouldn't do, didn't he? A. No sir, I don't think he did. Q. Didn't Mr. Bratton tell you since that time that the sun business wouldn't work, or something to that effect, and you backed off of it? A. No sir; not especially. Q. Well, he said something about it, didn't he? A. Well, he said something about it, yes sir. I hadn't complained I couldn't see the street; if I had, I would have stopped, because I'll admit the sun does obstruct you some. Q. And you will further admit that you didn't see this car until you were within five or six feet of it? A. Yes sir. Q. I'll give you a foot difference. A. Yes sir."

After setting out the above testimony, the bill of exceptions contains the following statement: "This was all the testimony introduced in the trial of this cause with reference to the sun shining in the eyes of the defendant." The bill of exceptions concluded as follows: "And now comes the defendant herein and presents this as its bill of exceptions herein to the judge of the court trying said above entitled cause, and prays that the same be by the said judge signed and approved, and the judge, after examination, doth sign and approve said bill of exceptions, containing only the excerpts of certain testimony and of certain witnesses, and doth order that the same by the clerk be filed and made a part of the record herein." The bill of exceptions was signed

by the trial judge. The official court stenographer certi-
fied that "the foregoing pages of typewritten matter,
numbered 1 to 13, both inclusive, contain a full, true,
perfect, correct and complete transcript of all of the
testimony introduced in the trial of the above entitled
cause with reference to the sun shining in the face of the
defendant Edwards, and a full, true, perfect, correct and
complete transcript of all of the instructions given in
the trial of this cause."

The fifth ground of the motion for a new trial is as
follows: "The court committed error in giving instruc-
tion No. 6, wherein the court told the jury that, if the
sun was shining in defendant's face and blinding him, it
was defendant's duty to stop his automobile, and that,
if he failed to do so, it was negligence, and that for that
reason could find against him."

The sixth ground of the motion for a new trial is as
follows: "Instruction No. 6, as given by the court, was
not justified by the evidence in the case and is not the
law applicable thereto; said instruction attempts to point
out a particular circumstance which did not occur and
which was not proved, and thereby mislead the jury;
said instruction has no application to any part of the
evidence offered by either party."

The verdict and judgment were in favor of the
appellee in the sum of $150, from which judgment is this
appeal.

The bill of exceptions does not show affirmatively
or inferentially that it contains all the evidence. In the
case of *Abbott* v. *Kennedy,* 133 Ark. 105-108, we said:
"In order to make the error of the court appear, it is
necessary that the appellant present here a bill of excep-
tions which shows either by express statement that it
contains all the testimony that was adduced at the trial,
or it must contain statements from which it appears
'inferentially and by natural implication' that it contains

all the evidence.'' This rule has been adhered to by this court in numerous cases, and we believe has never been departed from. See cases cited in the above case and also the appellee's brief.

The judgment is therefore correct, and it is affirmed.