NELSON *v.* WELLS.

4-4045

Opinion delivered November 11, 1935.

*Brewer & Cracraft,* for appellant.
*Daggett & Daggett,* for appellees.

614

McHANEY, J. Appellees brought this action against appellant to recover judgment on two promissory notes dated June 10, 1927, due two and three years after date, with interest at 6 per cent. Certain amounts had been indorsed on the back of said notes as payments thereon. Judgment was prayed in the sum of $7,780.97 as of March 26, 1935, with interest thereafter at 6 per cent. Appellant answered, admitting the execution of the notes and the amount thereof, but set up an affirmative defense substantially as follows: That on December 31, 1926, appellant and E. M. Allen and George L. Davidson were the owners of certain real property in the city of Helena, which they desired to have graded and put in condition for sale; that they entered into an agreement with appellees to do the grading according to certain specifications for a consideration and price of thirty-two cents per cubic yard, to be paid as follows: "When the work has been completed and the total cost of said grading known, said cost shall be prorated against the number of lots that will be platted and offered for sale. When said lots are sold, the selling price of same will then be prorated between the first parties and the second parties in proportion to the interest of each; that is, between the cost price charged to each lot and the selling price. Whatever money is paid or whatever notes are given shall be divided proportionately between the first and second parties." It was further agreed that appellant and associates should execute their promissory notes payable in three equal installments due one, two and three years, with interest at 6 per cent., and to be secured by deed of trust on the lots so graded by appellees. The answer further alleged that appellees performed the grading contract at a cost of $12,318, and that on June 10, 1927, appellants executed their promissory notes to appellees as called for in the contract of December 31, 1926, and that a new agreement was simultaneously entered into between the parties, which recited the ownership of the property by appellant and his associates, the grading of the lots by appellees, and the cost thereof, as well as the execution of the notes and the deed of trust heretofore mentioned. The agreement then continues: "Therefore, for

and in consideration of the parties of the first part giving the parties of the second part said security, the parties of the second part hereby covenants and agrees with the parties of the first part to release any part of the above-described land whenever the parties of the first part perfect a sale of any of said land, and the parties of the first part and the parties of the second part are to receive an equal amount of the proceeds of said sale, both in cash and secured lien notes until such time as the indebtedness in the sum of twelve thousand three hundred eighteen dollars ($12,318) and interest has been paid to the parties of the second part by the parties of the first part.'' The answer further alleges that appellant and his associates attempted to sell the lots, but have been unable to do so, and that, by the terms of the contract of December 31, 1926, appellees were to be paid if and when said lots were actually sold, and that since, through no fault of appellant, said lots have not been sold, the debt is not due. To this answer a demurrer was interposed and sustained by the court. Appellant declined to plead further, elected to stand on his answer, and judgment was entered against him for $7,780.97, with interest at 6 per cent. The case is here on appeal.

We think the court correctly sustained the demurrer and entered judgment against appellant. The obligations on which the suit is based, the two notes, were in writing and fixed definite dates for their maturity. Any defense thereto based on the ground that they are not due according to their terms must be supported by an instrument in writing and not on parol testimony, or contemporaneous oral agreement, because such an agreement would vary the terms of the written contract. In *Abbott* v. *Kennedy*, 133 Ark. 105, 201 S. W. 830, the court speaking through Mr. Justice Wood, used this language: ''The note upon its face was a plain promissory note for $1,000, payable one year from the date thereof to the payee or his order. Appellee admitted the note was executed and delivered. This completed the contract between the parties to it. To permit oral testimony that the consideration was to be paid only upon a condition precedent was in contravention of the familiar rule which

precludes the admission of parol evidence to contradict or substantially vary the legal import of a written instrument.'' Citing *Featherstone* v. *Wilson*, 4 Ark. 154; *Joyner* v. *Turner*, 19 Ark. 690; *Borden* v. *Peay*, 20 Ark. 304; *Roane* v. *Greene & Wilson*, 24 Ark. 210; *Castell* v. *Walker*, 40 Ark. 117; *Bishop* v. *Dillard*, 49 Ark. 285, 5 S. W. 341; *Richie* v. *Frazer*, 50 Ark. 393, 8 S. W. 143; *Tisdale* v. *Mallett*, 73 Ark. 431, 84 S. W. 481; *Harmon* v. *Harmon*, 131 Ark. 501, 199 S. W. 553.

Therefore if there is any defense to the action, it must be found in the written agreement dated June 10, 1927, the same date the notes were executed, for this agreement supersedes the preliminary contract of December 31, 1926, and is the final contract between the parties relating to the subject-matter. A careful examination of the contract of June 10, 1927, will disclose nothing that limits the right of appellees to collect the amount due them on said notes solely from the sale of lots. It was provided therein that appellees will release from the deed of trust any lots which are sold and for which they are given one-half the purchase price either in cash or notes. It bound the appellant and his associates to pay appellees one-half of the sale price of any lots, but there is no language that limits their right to collect from the sale price of lots alone. Appellant contends that the two contracts should be read together, and, when so read, ambiguity will be found which will justify oral testimony to establish the agreement to pay only when and if said lots were sold. We see no ambiguity in the two contracts, but, even reading the two contracts together, we think it would be a strained construction to say that the intention was to pay only from the sale of lots. There being no ambiguity, oral testimony is inadmissible to contradict the notes themselves as to the maturity thereof.

The court correctly sustained the demurrer, and the judgment is accordingly affirmed.