## JENKINS *v.* SHINN.

Decided January 23, 1892.

1. *Negotiable instrument—Payment—Estoppel.*

   If the maker of a negotiable note pays the same to the payee who is not the holder, he is not discharged from his obligation to the indorsee and holder without showing, either that the payee was authorized to receive payment, or that the holder led him to believe that he was so authorized.

2. *Contract in writing—Parol agreement.*

   Where a written agreement between the payee and indorsee of a negotiable note recites that the note is held as collateral security for a debt of the payee, it is inadmissible to prove a parol contemporaneous agreement between the parties that the indorsee should hold the note but not collect it ;. but it may be shown that there was a parol contemporaneous agreement that the payee should collect the note as agent for the endorsee.

APPEAL from *Pope* Circuit Court.

JORDAN E. CRAVENS, Judge.

Jenkins sued Shinn and two others upon their note for

$230, executed to the American Desk and Stool Co. and indorsed to himself. Defendants answered that they had paid the note to one Dickerman, who was authorized by plaintiff to collect it. From the evidence it appeared that Dickerman, who constituted the so-called American Desk and Stool Co., had unconditionally transferred to plaintiff, by indorsement, two notes, executed by defendants, as collateral security for the payment of a note executed by him to plaintiff, and took a receipt therefor as follows:

"CHICAGO, October 16, 1886.

" Received of American Desk and Stool Co., Chicago, two notes of following descriptions, both dated July 10, 1886: No. 1 for two hundred and twenty-five dollars, and No. 2 for two hundred and thirty dollars; No. 1 maturing June 1, 1887, and No. 2 maturing June 1, 1888; both payable at First National Bank, Little Rock, Ark., and bearing interest at 8 per cent per annum from June 1, 1886, signed J. L. Shinn, L. M. Smith and J. W. Pruitt. These notes are held by me as collateral security for the payment of a note of American Desk and Stool Co., of this date, for four hundred and fifty dollars ($450) in my favor, due four months from date at Oakland Bank, Chicago, with 8 per cent. per annum interest.

"S. P. JENKINS."

The first note was paid to Jenkins through the bank designated. Before the second note fell due Dickerman wrote to Shinn and proposed to discount it at $240. Thereupon Shinn, not knowing that the note had been negotiated, sent him a draft for the amount named, and requested the return of the note. The money collected was not paid to the plaintiff, nor was the balance due on the note, for the payment of which defendants' notes were placed as collateral security, ever paid to plaintiff who still retained defendants' second note. The testimony is in conflict whether Dickerman was authorized to discount the note as agent for plaintiff. Over plaintiff's objection defendants were permitted to prove by Dickerman that when plaintiff executed to Dickerman the receipt before men-

tioned, it was distinctly understood that Jenkins was simply
to hold the Shinn notes as collateral security and not to
collect the same, and to say nothing to Shinn about holding
the notes.   Dickerman testified:   " In pursuance of the un-
derstanding and agreement that I had with Mr. Jenkins that
he was not to collect the collateral notes, but that I was to
collect the same, I opened up correspondence with Jenkins
in the summer of 1887 for the purpose of getting the Shinn
note that fell due June 1, 1888, and expecting Jenkins would
send me the note as he had agreed to do.   I negotiated with
Mr. Shinn and finally discounted the note."

Among other instructions, the court charged the jury as
follows :

" The law of estoppel is founded in reason and fact, and
if you find from the evidence that the plaintiff, by his con-
sent and acquiescence, permitted Dickerman to collect the
money from the defendants, when it was his duty under all
the circumstances and in the custom of fair dealing to have
advised the defendants not to pay to him except at their own
risk, and he failed to so advise them, and the payment was
made to Dickerman in good faith by the defendants, the
plaintiff is not entitled to recover."

" A promissory note, payable to order, is negotiable and
payable to the legal holder thereof if indorsed and transfer-
red before maturity, and a payment by the maker to the
original payee after the transfer of the note will not ordina-
rily protect the maker from a suit by the legal holder, but a
person can legally permit another to do that which he can
himself do.   And if the jury believe from the testimony
that the plaintiff authorized, or knowingly permitted, the
American Desk and Stool Co., or F. W. Dickerman, its mana-
ger, to either collect or negotiate a discount of the note in
suit, and such collection or discount was effected, then the
plaintiff is bound by the action of said company or F. W.
Dickerman, its manager, and they will find for the defendant."

There was a verdict for the defendants.

_S. R. Allen_ and _C. C. Waters_ for appellant.

1.   Parol evidence was inadmissible to alter, vary, add to, take from, or _materially affect_ the terms of a written contract, or to show an understanding or intent different from that expressed.   13 Ark., 593; _ib._, 449 ; 15 _id._, 543 ; 21 _id._, 69 ; 24 _id._, 210.

2.   There is no question of estoppel in the case. The issue is, did Jenkins make Dickerman his agent to collect the note ?   There is no evidence to that effect.   The burden was on appellee to show this authority.

3.   The instructions on the subject of estoppel were not founded on any evidence whatever; the others complained of were misleading, confusing and prejudicial.

_Dan B. Granger_ and _G. W. Shinn_ for appellees.

1.   The rule in 15 Ark., 543, as to parol testimony, applies only to _parties_ to the contract ; certainly not to parties to a suit where the contract may come _collaterally_ in question.   1 Gr. Ev., 13th ed., sec. 279.

2.   The answer presents a question of estoppel _in pais_, as well as of agency, or rather a mixed question of both, which was a good defense.   1 Gr. Ev., sec. 207 ; 17 N. W. Rep., 345.

_G. W. Shinn_ and _Dan B. Granger_ also for appellees.

1.   There is proof that Jenkins held Dickerman out as his agent, and authorized him to discount the note.   The jury believed it, and so found by their verdict, and this court will not reverse on the mere preponderance of the evidence. 51 Ark., 475; 40 _id._, 168, and many others.

2.   Where a party fails to make his rights known when fairness and good conscience require he should do so, he is estopped, if another is injured by his failure.   Herm. on Estoppel, secs. 787, 765 to 770, 774–6–7–9, 811.

3.   The note was only indorsed as collateral and Dickerman had a right to collect it.   29 Ark., 501.

4.   The acts of an agent bind his undisclosed principal. Mechem on Ag., secs. 695–6.   He is estopped to deny the

agency. *Ib.*, secs. 83–4. One who knowingly permits another to make a collection for him is bound by payments made to such person. Mech. on Ag., sec. 86 ; 69 Iowa, 760 ; 16 Pac. Rep., 762.

5. The judgment is right on the whole record, and should not be reversed on account of incompetent evidence, or instructions based thereon, which could not have prejudiced appellant. 44 Ark., 556 ; Mech. on Ag., sec. 106.

6. If a maker pay to another than the rightful owner, he cannot rely on facts unknown to him and not influencing his action as an estoppel, but if the facts be of the character to establish an agency for collection, that is a defense against repayment. That is this case. See 30 Fed. Rep., 588.

COCKRILL, C. J. The only legitimate issue in this case was whether Jenkins, the indorsee and holder of the nego- tiable note, had authorized Dickerman, the payee, to collect it for him from Shinn, the maker. Shinn thought Dickerman was the holder of the note and paid him, without requiring its surrender or inquiring whether it had been negotiated. There is no evidence in the record from which the jury could have inferred that Jenkins had anything to do with bringing about that belief. The doctrine of estoppel had no place therefore in the case. It was simply a question of agency or no agency. If Dickerman was authorized to receive the money from Shinn as Jenkins' agent without a surrender of the note, then Jenkins must be defeated, because he has already received payment through his agent. But if Dickerman was not his agent in fact to receive payment, there is nothing in the record to estop him from asserting and proving the fact. All the court's instructions upon the doctrine of estoppel were therefore erroneous.

1. To whom a negotiable note may be paid.

In this category also is that part of the charge which tells the jury that if Jenkins " knowingly permitted Dickerman to negotiate a discount of the note with Shinn," he is bound by Dickerman's action and cannot recover. Dickerman was indebted to Jenkins in an amount less than the face of

Shinn's note, which Jenkins held as collateral security. If
Dickerman could induce Shinn to pay his (Dickerman's)
debt to Jenkins before the Shinn note was due, upon terms
that were advantageous to Shinn, it was not the duty or the
right of Jenkins to interfere, for he was bound to surrender
the collateral when the debt due him was paid. He could
leave Dickerman and Shinn, therefore, to their negotiation
without imperilling his own rights, so long as he did nothing
to lead Shinn to believe that he could discharge his note by
payment to Dickerman.

**2. Written contract—Parol evidence.** Shinn makes no claim that he was misled by Jenkins.
He paid the money to Dickerman therefore at his peril, and
must stand the loss unless he can show that Dickerman was
in fact authorized to receive the money for Jenkins in dis-
charge of the note. When the note was indorsed to Jen-
kins by Dickerman, Jenkins executed a writing to Dicker-
man attesting that the note was assigned to him as collateral
security. Shinn offered to prove by Dickerman that, at the
time this writing was executed, it was understood between
him and Jenkins that the latter was only to hold the note,
and was to have no authority to collect it. The court ad-
mitted the testimony. That was error. The legal import of
the contract was to confer upon Jenkins authority to collect
the note. But the rule which prohibits a party from con-
tradicting the terms of a written contract by parol evidence
of a different understanding or intent, entertained at the
time the writing was executed, precludes the varying of its
legal import by the like evidence. *Richie* v. *Frazer*, 50 Ark.,
393. In a suit between Jenkins and Dickerman, the parol
evidence offered would have been incompetent. But Shinn's
right to discharge the note by payment to Dickerman is de-
pendent upon Dickerman's right to receive payment, and
that, on this phase of the case, is controlled by the terms of
his assignment of the note. Shinn then, in effect, claims
under Dickerman, and derives his right from Dickerman's
contract of assignment. He is, therefore, bound by its
terms, just as Dickerman is. *Langdon* v. *Langdon*, 4 Gray,

186.   It was, then, incompetent for Shinn to prove by parol that the written contract did not mean what the law implies from its terms.

But it was competent for Shinn to show that Jenkins had in fact constituted Dickerman his agent to collect the note for him, even by a parol agreement contemporaneous with the written contract of assignment, for the fact of agency is collateral to and not a contradiction of the terms of the writing.   Evidence to that effect would not affect the writing as a contract, but would only show that Jenkins had appointed another to do for him what the contract authorized him to do.   As the appointment of the agent carried no interest with it, it was revocable at will.   But Dickerman's contention as to the understanding between him and Jenkins would, if it prevailed, abrogate the contract of assignment, for it would lead to this:   Jenkins, not being authorized to collect the note, could not prosecute the present suit if the note were unpaid, because the object of the suit is collection.

For the errors indicated the judgment must be reversed, and the cause remanded for a new trial.

It is so ordered.