## RECTOR *v*. BERNASCHINA.

## Opinion delivered January 29, 1898.

WRITTEN CONTRACT—PAROL EVIDENCE.—Where a written lease of a restaurant annexed to a hotel stipulated that the lessee should furnish "board or meals, such as are served to the guests of the hotel, for three persons," the legal effect of the stipulation was that the lessee was bound, on request of the lessor, to furnish any regular meal to any unobjectionable persons, not exceeding three in number; and parol evidence that the agreement meant that the lessee should board the housekeeper, the chambermaid and the porter of the hotel was inadmissible. (Page 653.)

Appeal from Saline Circuit Court.

ALEXANDER M. DUFFIE, Judge.

*Wood & Henderson*, for appellant.

Parol evidence is not admissible to contradict or vary the terms of an unambiguous written contract. 1 Greenleaf, Evid. §§ 257, 277, 281 and 282; 4 Ark. 179; 15 Ark. 543; 35 Ark. 164; 50 Ark. 393; 55 Ark. 347; 28 Ark. 146. It was the duty of the court to tell the jury the meaning of the clause in controversy. 3 Am. & Eng. Enc. Law, 867 *et seq.*; 20 Ark. 583.

*Geo. G. Latta*, for appellee.

For the purpose of ascertaining the true intention of the parties, parol evidence of the facts and circumstances of the parties at the time of the agreement is admissible. 13 Ark. 112; 15 Ark. 9; 23 Ark. 9; 21 Ark. 100; 15 Ark. 548; 35 Ark. 126; 28 Am. Rep. 179, and note; 1 Seld. 28; 1 Gr. Ev. (14 Ed.) § 288; 27 Ark. 510; 54 Ark. 99; 33 Am. Rep. 517; 64 N. Y. 461. The court properly instructed the jury that appellant was not entitled to a money judgment for meals under the contract, unless appellee neglected or refused to furnish same. 17 Am. & Eng. Enc. Law, 473, and notes.

BATTLE, J. H. M. Rector instituted this action in the Garland circuit court against R. Bernaschina to recover $1,757 on a lease. The defendant denied that she was indebted to him, but alleged that he was indebted to her in a large sum, which she pleaded as a set-off. In a trial by jury the defendant recovered a verdict for $22.90. Judgment was rendered accordingly, and the plaintiff appealed.

We will set out so much of the lease, evidence, and instructions as is necessary to present the errors complained of by the appellant. The lease is, in part, as follows:

"The said Rector, the party of the first part, by these presents, leases to the said Bernaschina, the party of the second part, a certain frame building annexed to and adjoining what is now known as the 'St. Nicholas Hotel,' situated on Central avenue in Hot Springs, Ark., the said hotel being numbered 'No. 204½;' the said frame building to be used as a restaurant by the said party of the second part, for the general public, on the lower floor, and on the second floor the dining room is to be kept up by the said Bernaschina as a dining room exclusively for the said St. Nicholas Hotel, which is accessible to the said hotel by an annex; the remainder of the up-stairs to be used by the said party of the second part as club rooms or sleeping apartments for the use exclusively of the said lessee, her family or employees, about the premises, but in in no case are the said rooms to be let or hired out as furnished rooms to strangers for any purpose except as wine rooms for the entertainment of her patrons in general, on stated occasions.

* * * And, for the use and occupation of the said building, the said R. Bernaschina stipulates and agrees to pay to the said Rector, party of the first part, or to his legal representatives, for the terms herein stipulated, the sum of thirteen hundred dollars ($1,300) in equal monthly installments, such monthly installments to be paid in advance if demanded by the party of the first part. And, as additional consideration for the use of said building, the said Bernaschina agrees to furnish from her dining room up-stairs, board or meals, such as are served to the guests of the hotel, for three persons."

Under the agreement to furnish meals for three persons, appellant testified that he "boarded the following persons with" the appellee, to-wit: "Mrs. Georgia Owens, 120 days; E. F. Williams and family, 225 days; Mrs. E. W. Rector, 108 days; H. M. Rector, 98 days; T. F. Lindsey, 8 days; Mrs. Matheny, 230 days; Mrs. Matheny, family board 140 days."

Over the objections of appellant, appellee testified that the contract with appellant to board three persons was understood by him and her, "and it was their contract, that she was to board the housekeeper, the chambermaid and porter of the St. Nicholas Hotel;" and she further testified that he is indebted to her for the meals he says she furnished under their contract; and she charges him in her set-off for the same, which she ought not to have done under any circumstances unless they were furnished at his instance or request, or he undertook to pay for them.

Upon this evidence the court instructed the jury, over the objections of the appellant, as follows;

(1.) "The clause in said lease whereby defendant agrees to furnish board or meals for three persons is open to oral proof, and if you find that defendant at all times was ready to offer, or did offer, as per contract, to furnish meals to such persons as explained in another instruction, the plaintiff cannot recover on this demand."

(3.) "The court instructs the jury that if they believe from the evidence that the three persons referred to in said lease were the housekeeper, porter and chambermaid, then the defendant cannot be required to furnish board to other persons whom the plaintiff might see fit to put in said house, and she

cannot be held responsible therefor, or charged with the board of other persons."

According to the legal effect of the agreement sued on, as it is written, appellee was bound to furnish, within her hours for regular meals, of the food prepared at such times for her guests, within her dining room, during the term of the lease, at the request of the appellant, any regular meal to any number of persons not exceeding three for the hours during which the same was to be furnished, provided such persons were sober and orderly, not offensive or disagreeable to her or her guests, and of good repute. She did not undertake to prepare any one meal for more than three of such persons; and appellant is not entitled to compensation for the failure to furnish the same if it was not known to her to whom he desired it to be furnished, or such person or persons did not call for it. It was immaterial to her who these persons were to be, or that they should be the same at all times. Appellant alone was concerned to know who should receive the benefits of his contract. This, doubtless, was the reason why the contract was written as it was, and it was left to appellant to designate the three persons.

In stating the obligations assumed by the parties in entering into the contract sued on, we have given its legal import. The rule which prohibits any party from varying, qualifying, or contradicting, adding to, or subtracting from, a written contract, by parol evidence of a different understanding or intention, entertained at the time the writing was executed, "precludes the varying of its legal import by the like evidence." *Richie* v. *Frazer*, 50 Ark. 393; *Jenkins* v. *Shinn*, 55 Ark. 352.

The evidence admitted over the objections of the appellant clearly had that effect in this case, and was incompetent. The instructions based upon it are erroneous, for the reason the evidence upon which they were based should not have been admitted. One being erroneous, the other is equally so. These errors were obviously prejudicial to the appellant; and for that reason the judgment of the circuit court should be reversed, and the cause remanded for a new trial; and it is so ordered.

BUNN, C. J., and HUGHES, J., dissent.