66    393
f79   262

## MOORE *v.* TERRY.

### Opinion delivered April 22, 1899.

1. WRITTEN CONTRACT—PAROL EVIDENCE TO VARY.—Where a mortgage by its terms provides that it is given to secure the sum of $100 due at a time fixed, "and all other indebtedness which may then be due" to the mortgagee by the mortgagor, it is not admissible to prove by parol evidence that it was intended to be a security for the sum of $100 and no other indebtedness. (Page 399.)

2. MORTGAGE FOR ADVANCES—VALIDITY.—A mortgage which provides that it shall be security for a debt of $100 to mature in the future "and all other indebtedness which may then be due" to the mortgagee by the mortgagor is intended to secure all other indebtedness of the mortgagor to the mortgagee at the time the debt of $100 matures, and is valid. (Page 400.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

STATEMENT BY THE COURT.

This is an action of replevin brought by the appellant against the appellee, in a justice court of Garland county, to recover possession of two mules, for the purpose of subjecting them to the satisfaction of a chattel mortgage executed by appellee to appellant. Appellant executed his bond as required by law, an order of delivery was issued thereon, and duly served by taking the mules from appellee and delivering them to appellant.

The appellant answered in the justice court, alleging that on the —— day of ————, 1896, she gave appellant a chattel mortgage on the mules sued for, to secure payment of one hundred ($100) dollars, evidenced by her promissory notes,—one for fifty ($50) dollars and two for twenty-five ($25) dollars each,— which she had paid, fifty ($50) dollars herself and fifty ($50) dollars through one J. A. Smith. She also denied that she was then indebted to appellant in any sum; her answer being duly verified. Upon her motion the cause was transferred to the court of common pleas. In common pleas court she filed her amended answer, in which she admitted being indebted to the appellant in the sum of seventy-three dollars and seventy-eight cents ($73.78). In this amended answer she alleges that on August 19, 1896, she executed a mortgage to appellant of the mules described in appellant's affidavit in replevin to secure notes of one hundred ($100) dollars, and that the seventy-three dollars and seventy-eight cents ($73.78) was due upon open account made subsequently to the execution of the mortgage, and, the notes having been paid, there was nothing due on the mortgage. She claimed damages in the sum of $187 in this amended answer, and prayed judgment over. This pleading is also verified.

There was a trial in common pleas court, and judgment against appellant, from which he duly prosecuted his appeal to the circuit court of Garland county.

"CHATTEL MORTGAGE WITH POWER OF SALE."

"Know all men by these presents that I, Lottie Terry, for

and in consideration of the sum of one hundred ($100) dollars, the receipt of which is hereby acknowledged, have bargained, sold and conveyed, and by these presents do hereby bargain, sell and convey to W. F. Moore, and unto his executors, administrators and assigns, the following described property in Garland county, Arkansas, to-wit: One pair (2) mules, brown in color, about fourteen and one-half hands high, one named Bird and one named Daisy, both of them mares. To have and to hold the same unto the said W. F. Moore, his executors, administrators and assigns forever, conditioned, however, as follows: Whereas, Lottie Terry is indebted to the said W. F. Moore in the sum of one hundred ($100) dollars, as follows: Three (3) promissory notes, one for the sum of twenty-five ($25) dollars, due and payable in thirty (30) days from date; one for the sum of twenty-five ($25) dollars, due and payable sixty days from date; the further sum of fifty ($50) dollars, due and payable ninety (90) days from date, with interest from date until paid at the rate of ten (10) per cent. per annum: Now, if Lottie Terry shall well and truly pay to the said W. F. Moore the sum hereinbefore mentioned, and all other indebtedness which may then be due the said W. F. Moore by Lottie Terry, together with the costs of this trust, on or before the time specified above, then this conveyance shall be void, otherwise to remain in full force and effect." (The above contains all of the mortgage material to this litigation; the balance contains the usual provisions relating to default and disposition of the property. The mortgage is dated August the 19, 1896, duly signed and acknowledged.)

Appellee testified on her own behalf: "I owed plaintiff for groceries. The day before the mortgage was executed he wanted payment, which I was unable to make. Said he had to raise money, and asked me for a mortgage on my mules. I told him to give me a day to think it over. Next day I agreed to give him a mortgage for one hundred ($100) dollars, to secure the account due and money needed for building and loan purposes. The notes and mortgage were prepared, and I signed them. I asked Mr. Moore if I paid off the notes if the mules would be mine, and the mortgage discharged. He said, 'Yes,' and the notary assented to this. I paid off the notes.

Before this suit was brought, Mr. Moore did present my ac
count for what I was owing him, but I was not able t
pay it, and did not consider that the account was include
in, and secured by, the mortgage. I owe the amount claimed b
him, and intend to pay it when I can. The mortgage wa
given to enable appellant to raise ready money, and neither he no
I knew the exact amount I owed him then. The mortgage was no
intended to secure future advances, or anything but the notes
and nothing was ever said between me and Mr. Moore about fu
ture supplies and advances. Nothing was said about anythin
except the account and money to be advanced for building an
loan purposes, and I did not know of the clause in the mort
gage as to "other indebtedness," and I would not have execute
the mortgage to secure other indebtedness, and I was particula
for it to be understood that when the notes were paid the mule
and mortgage were to be released. After the mortgage wa
given, I continued to buy groceries from plaintiff, but ha
no idea he would claim such amounts were covered by th
mortgage." She denied that the mortgage was given to secur
anything except the notes, and it was not intended that othe
advances would be secured by it. Plaintiff objected to he
statements, because they tended to vary and contradict th
terms of the mortgage. The court overruled the objection
and plaintiff excepted.

In rebuttal, plaintiff testified: "At date of mortgage, de
fendant owed me, as shown by my books, eighty-one dollar
and sixty-one cents ($81.61.) It was understood between de
fendant and me that I was to advance money for her buildin
and loan dues, which I understood would be about thirty ($30
dollars, and to continue to advance her supplies, all of whic
should be secured by the mortgage. To carry out this agree
ment, I advanced her money and supplies until the maturity o
the last note. I was advised that the mortgage would no
secure any advances made after maturity of the last note, an
have not included in my account anything charged to her afte
that time, although there is a small balance charged against he
after that date." It was also proved that the mortgage was o
a regular printed form, and the words "all other indebtedness
were in the printed portion. Defendant also testified that, whil

he mortgage was read to her, she was inexperienced in such matters and did not know the mortgage contained such clause.

The plaintiff requested the court to instruct the jury as follows:

"(1). You are instructed under the law and the evidence to find for the plaintiff the property in controversy. (2). If you find from the evidence that the debt claimed by the plaintiff against the defendant is for money and supplies furnished by the plaintiff to the defendant between the time of the execution of the mortgage and the maturity of the last note, you will find for the plaintiff. (3). You are instructed that the mortgage in this case, executed by the defendant to the plaintiff, secured the indebtedness represented by the notes therein described, and all other indebtedness which might be due on the maturity of the last note, to-wit, November 20, 1896; and if you find from the evidence that the sum alleged in the affidavit of the plaintiff and admitted by the defendant in her answer was due plaintiff on the date of the filing of this suit for supplies furnished to her or money paid or advanced to her on or prior to November 20, 1896, you will find for plaintiff. (4). You are instructed that parol testimony cannot vary or contradict the terms of the written mortgage. By the terms of the mortgage it secures a debt of $100 and all other indebtedness which might be due from defendant to plaintiff ninety days after its execution, and the amount due on said date is not in dispute. If you find from the evidence that the debt due ninety days after date of the mortgage was for supplies furnished and money advanced by plaintiff to defendant, you will find for the plaintiff. (5). You are instructed that it is not necessary that the consideration for which the mortgage was given appear upon the face of it, or that it should show upon its face [that] the other indebtedness mentioned should be for money advanced or supplies furnished; it is sufficient if the time is limited in which other indebtedness should accrue between the mortgagor and the mortgagee, besides that particularly described in the mortgage."

The court refused to give each and every one of said instructions, to which plaintiff duly excepted.

And the court of its own motion instructed the jury as follows:

"(c.) If you find from the evidence that the defendant executed the mortgage for the purpose of securing notes for the sum of one hundred dollars, but not for the purpose of securing any other sum or amount that might be advanced by the plaintiff, and that said hundred dollars have been paid, then you will find for the defendant. But if the proof shows that the defendant executed the mortgage not only to secure the hundred dollars mentioned in the mortgage, but any other amount that might be advanced, and that the plaintiff advanced other amounts, and that there is a balance due plaintiff for said amounts, then you will find for the plaintiff. And in that case the form of your verdict will be: 'We, the jury, find for the plaintiff.' But, if you find for the defendant, you should find the value of each mule, and assess the defendant's damages at what the proof shows she is entitled to. In determining the question whether the mortgage was intended to cover any other sum than the one hundred dollars mentioned, you will take into consideration all the evidence, facts and circumstances introduced in the case."

To the giving of this instruction the plaintiff duly excepted.

The defendant moved for a new trial upon the following grounds, to-wit:

"Because the court erred in overruling plaintiff's motion to strike the amended answer.

"Because the court erred in permitting defendant to testify in her own behalf as to such matters and things as would vary or contradict the written contract, as shown by the mortgage.

"Because of the court's error in refusing each and every instruction prayed for by plaintiff, and in giving to the jury instruction (c).

"Also because the verdict was contrary to the law and the evidence."

The motion for a new trial was overruled, to which plaintiff duly excepted, prayed and was granted an appeal, and in apt time presented his bill of exceptions, which was duly signed, filed and made a part of the record.

*Greaves & Martin,* for appellant.

It was error to allow appellee to contradict or vary her written contract by parol. 1 Gr. Ev. §§ 257, 277, 281, 282; 4 Ark. 154; 55 Ark. 651; 15 Ark. 543; 35 Ark. 164; 50 Ark. 393; 55 Ark. 347; 28 Ark. 146; 64 Ark. 650. A mortgage to secure future advances is valid, and replevin will lie to recover the chattels, in order that they may be subjected to the mortgage. 32 Ark. 598; 46 Ark. 70; 32 Ark. 598; 46 Ark. 70; 50 Ark. 256; 55 Ark. 569; Jones, Chat. Mort. § 95; 97 Ala. 615. The consideration expressed in the condition clause of the mortgage controls. Jones, Chat. Mort. § 79; 64 Ill. 123. Nor can the consideration be varied or altered by parol. 12 Wend. 61; 1 Johns. 139; S. C. Am. Dec. 304; 68 Me. 442.

*Reid Gantt,* for appellee.

The mortgage in this case was not intended to secure future advances. Future liabilities intended to be secured should be described with reasonable certainty. 1 Jones, Ch. Mort. § 367, and note 7. This failing, they are not included in the security. 1 Jones, Ch. Mort. §§ 374, 360, 377; 55 Ark. 571; 13 Minn. 194; 30 Ark. 745; 54 Ia. 160; 6 N. W. 178; 51 Ala. 335; 68 Ala. 389.

HUGHES, J., (after stating the facts.) It is the opinion of the court that the circuit court erred in admitting parol testimony to vary the terms of the mortgage, and in refusing to give the instructions asked upon the part of the appellant, and in giving instruction marked for the appellee, upon its own motion, for which errors the judgment must be reversed. There was in the language of the mortgage no ambiguity, and it is not pretended that the appellee, through fraud or duress, was induced to execute the same. While parol evidence may be admitted sometimes to show the circumstances under which it was executed, yet, when an instrument in writing is clear and unambiguous, it is inadmissible to vary or contradict its terms. This is familiar law. *Featherstone* v. *Wilson,* 4 Ark. 154; 1 Greenleaf Ev. §§ 257, 277, 281, 282; *Richie* v. *Frazier,* 50 Ark. 393; *Jenkins* v. *Shinn,* 55 Ark. 347; *Rector* v. *Bernaschina,* 64 Ark. 650; *Cato* v. *Stewart,* 28 Ark. 146.

A mortgage given to secure indefinite advances limited to a certain time is valid. *Fort* v. *Black*, 50 Ark. 259. Mortgages to secure future advances are valid, according to our decisions. *Martin* v. *Holbrook*, 55 Ark. 659.

The mortgage in this case was given to secure the sum of one hundred dollars, "and other indebtedness which may then be due the said W. F. Moore by Lottie Terry." The words "then due" refer to the time when the one hundred dollars were to become due.

For the errors indicated, let the judgment be reversed, and the cause remanded for a new trial.