## WORD v. COLE.

### Opinion delivered February 28, 1916.

1. MORTGAGES—FUTURE CROPS—VALIDITY.—While a mortgage of a future crop is valid, it is valid only against crops to be planted within twelve months after the execution of the mortgage.

2. MORTGAGES—FUTURE ADVANCES.—A mortgage given to secure future advances, even at the time of the foreclosure of the instrument, is valid, but if such purchase is intended to be accomplished, that fact must clearly appear from the instrument, and such purpose will not be presumed where the instrument does not contain a general description of the indebtedness secured, so as to put one who examines it on notice that this was its purpose, in order that such person may pursue the inquiry which such knowledge would suggest.

3. MORTGAGES—FUTURE ADVANCES.—The test of whether items will be included in a mortgage covering future advances is not when the charge was entered on the books but when the liability for any particular item did accrue.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; reversed.

*Moore, Vineyard & Satterfield,* for appellant.

1. It was error to direct a verdict. There was some evidence to prove the issue for plaintiffs. 33 Ark. 350; 39 *Id.* 491; 89 *Id.* 368. The uncontradicted evidence and indebtedness of $1,148.56 secured by the deed of trust.

2. The cases 66 Ark. 393 and 50 *Id.* 256 do not apply here. A mortgage to secure future advances is valid,

(111 Ark. 367) if it contains a general description suffi-
cient 'to embrace the liability intended to be secured.
\* \* \* Here the debt secured was never paid. All
the indebtedness was *incurred* prior to Nov. 15 although
not all *charged* in the books. The mortgage secured all
indebtedness, note and advances.

*Fink & Dinning,* for appellees.

1. . The terms of the mortgage are so comprehensive
as to become too indefinite to determine the intent of
the parties. The date within which an indebtedness
may be incurred must be fixed. 55 Ark. 569. The deed
of trust is void for uncertainty.

2. The indebtedness secured by the deed of trust
had all been paid. The appropriation of payments must
be to the older items of the account. 50 Ark. 256; 47 *Id.*
111. All indebtedness prior to Nov. 15 had been paid.
66 Ark. 393; 111 Ark. 362.

3. The landlord's lien is not transferable and an
assignee takes no lien by transfer. 31 Ark. 597; 37 *Id.*
43; 39 *Id.* 344; 61 *Id.* 266; 55 *Id.* 569. Amounts expended
by appellants after Nov. 15, 1914 were not advances con-
templated by or included in the deed of trust.

SMITH, J. This action was brought to recover pos-
session of certain personal property conveyed to appel-
lant as trustee for N. Straub Sons Mercantile Company by
appellee. The following recital is contained in the deed
of trust:

"Witnesseth; That whereas the party of the first
part is indebted to the third party in the sum evidenced
by his promissory note of even date herewith for $2,500
due and payable November 15, 1914, bearing interest at
the rate of 10 per cent from date until paid, and whereas,
the first party desires to secure the payment of said
sum and all other sums that are now due or that may
hereafter become due to said party of the third part,
whether evidenced by note or book account."

And, after describing the property conveyed, it is
provided that the conveyance shall be "in trust, however,
and upon the following conditions, viz: That if the said

party of the first part shall on or before the 15th day of November, 1914, pay what may be due the said party of the third part upon said promissory note or book account hereinbefore described, or indebtedness hereafter contracted, and costs incurred on account of this indenture, then this conveyance shall be void.''

It was further provided: ''And it is expressly agreed and understood by and between the parties hereto that the said party of the third part shall have the exclusive right to apply the net proceeds of sale of all crops and all payments of money paid to him to the payment of any indebtedness which may be due now or which may hereafter become due to him by the said party of the first part upon open account, or to the debt secured and intended to be secured by this indenture according to his views of the exigency of the case—that such application may be made at any time and in such manner as he may elect, and that no application of such proceeds of sale or money to the payment of any debt in open account, which at any time may be due to the said party of the third part by the said party of the first part, shall impair, lessen or prejudice the debt secured and intended to be secured by this indenture, or the security herein and hereby provided for.''

At the trial a statement of the account claimed was introduced, from which it appeared that on November 14, 1914, the date of the maturity of the note mentioned in the deed of trust, the sum of $3,425.88 was then due, and the last item charged on the account was under the date of February 2d, 1915, at which time the items of the account aggregated $7,972.99. Towards the satisfaction of this account there were credits amounting to $6,424.36, which was $2,998.48 in excess of the amount due on the date of the maturity of the note. It was shown, however, that certain items were due at that time which were not charged on the account until a subsequent date.

Upon the conclusion of appellant's evidence the court directed a verdict in appellee's favor upon the theory that the indebtedness secured by the deed of trust had been paid and that there was no lien on the property described for the balance due.

According to appellant, there was due under the deed of trust a balance of $1,548.63, and the issue in the case is whether or not this indebtedness is secured by the deed of trust.

Our decisions on this subject were reviewed in the recent case of *Howell* v. *Walker*, 111 Ark. 362. That case announced the rule as being universal that a mortgage securing future advances is valid, but it also recognized the rule that such instruments were to be considered as a whole in determining the intention of the parties.

In additon to the clauses set out, the deed of trust covered all crops of cotton and corn grown on 285 acres of land so long as appellee was indebted to the mercantile company, and it is no doubt true that the making of this crop and the handling of the cotton constituted the real consideration for the instrument.

(1) While a mortgage of a future crop is valid, it is valid only against crops to be planted within twelve months after the execution of the mortgage. Section 5406 of Kirby's Digest. It is not to be presumed, therefore, that the parties were contracting beyond the year 1912.

(2) The effect of our cases is that a mortgage to secure future advances, even to the time of the foreclosure of the instrument, is valid, but if such purpose is intended to be accomplished, that fact must clearly appear from the instrument, and such purpose will not be presumed where the instrument does not contain a general description of the indebtedness secured, so as to put one who examines it on notice that this was its purpose, in order that such person may pursue the inquiry which such knowledge would suggest. *Curtis* v. *Flinn*, 46 Ark. 70.

We think the proper interpretation of the language of the preamble is that it was contemplated that there might be an indebtedness evidenced both by note and by book accounts, and that both should become due and payable at the same time. And we think too, that the language which declares the purpose of the trust contemplated that there would, or might, be an indebtedness thereafter contracted which would be evidenced by book accounts, and that such indebtedness so incurred before November 15th, should be secured by the mortgage as well as the note itself.

Appellee contends that the undisputed proof shows that nothing was due on November 15th, and that the instrument thereupon became void and the advances constituting the balance sued for were made after that date. Numerous items constitute this balance, and appellant contends that, although they were not charged to the account until after November 15th, yet the liability accrued before that date.

(3) The test of course, is not when the charge was entered on the books, but when the liability for any particular item accrued. The proof on these items is undisputed. For instance, the proof is that the mercantile company bought the interests of the tenants in the crop for appellee, and the accounts of the tenants were given credit for the amount of their interests in the crop. These accounts were charged to appellee, as he stood for all of them, and he was consequently credited with the proceeds of the crops. But these credits could not be entered until the cotton was sold, and while the necessary entries to evidence the items were made after November 15th, the liability for the items accrued prior to that time. The same thing may be said of the items of rent and balance due on tenants' accounts. The items of interest and recording fees were not charged until after November 15th, but the recording fees, of course, were due when the instrument was recorded, and it was proper to charge the interest at any time, as the liability for it continues until the indebtedness is paid.

Of all the items charged there appears to be only $107.85 for supplies furnished after November 15th, but the case has been developed on only one side.

For the error indicated the judgment will be reversed and the cause remanded.