PATTERSON v. OGLES.

Opinion delivered March 13, 1922.

1. MORTGAGES—FUTURE ADVANCES.—A mortgage to secure future advances, even to the time of the foreclosure of the mortgage is valid; but, if such purpose is intended to be accomplished, that fact must clearly appear from the instrument, and such purpose will not be presumed where the instrument does not contain such a general description of the indebtedness secured as to put one who examines it on notice that this was its purpose, in order that such person may pursue the inquiry which such knowledge would suggest.

2. MORTGAGES—FUTURE ADVANCES.—Under a mortgage to secure a certain note and "any and all other and further indebtedness which the grantors or either of them may contract to pay to the grantee for future loans, advances or acceptances, made during the existence of this mortgage, and any renewal or renewals of note or notes for said present or future indebtedness; this mortgage to mature and be enforceable at the maturity of said note or subsequent notes, or renewal note or notes; *held* that the mortgage limits the secured debt to advances made up to the maturity of the note or any renewal thereof.

Appeal from Drew Chancery Court; *E. G. Hammock,* Chancellor; reversed.

*Henry & Harris,* for appellants.

The mortgage was mature and enforceable at the maturity of the note and did not contemplate advances made after that time. 111 Ark. 362; 50 Ark. 256; 66 Ark. 393; 122 Ark. 457.

A mortgage to secure future advances is valid if that fast clearly appears from the instrument. 46 Ark. 70.

Exhibits in a chancery suit, which are the foundation of the action, will control the averments of the complaint. 104 Ark. 459.

Payment or tender of payment at the time mentioned in the mortgage discharges the mortgage lien. 33 Ark. 340; 2 Jones on Mortgages, §§ 891-892; 34 N. J. 496.

*J. W. Kimbro,* for appellee.

The indebtedness secured by the mortgage was not limited to advances made prior to January 1, 1920.

Jones on Chattel Mortgages, §§ 94, 95; 1 Jones on Mortgages, § 367; 22 N. Y. 330; 150 Mass. 112.

50 Ark. 256 and 66 Ark. 393, are not in point; there was no offer to furnish advances beyond a certain date.

The validity of the mortgage was not impaired by the fact that it does not show on its face the real character of the transaction. 87 Ala. 409; 6 So. 48; 69 Ala. 58; 13 Ill. 254; 39 La. Ann. 712; 23 R. I. 412; 50 Atl. 852.

The tender of a debt secured by mortgage does not release the lien of the mortgage. 30 Ark. 505; 38 Ark. 329; 83 Ark. 484.

McCulloch, C. J. E. J. Patterson, one of the appellants, owned a certain tract of land in Drew County, and on May 13, 1919, he executed a mortgage (his wife, one of the appellants, joining therein) to appellee Ogles to secure the payment of a promissory note and also to secure the payment of future loans and advances. The clause in the mortgage describing the debts to be secured reads as follows:

"But the conditions of this mortgage are that, whereas, said E. J. Patterson is indebted to said grantee in the sum of seven hundred seven and 88/100 dollars, evidenced by note dated May 13, 1919, bearing interest at the rate of ten per cent. per annum from May 13, 1919, until paid, and due January 1, 1920, this mortgage being given to secure the payment of not only this note but also any and all other and further indebtedness which grantors, or either of them, may contract to pay to the grantee for future loans, advances or acceptances, made during the existence of this mortgage, and any renewal or renewals of note or notes for said present or future indebtedness; this mortgage to mature and be enforceable at the maturity of said note, or subsequent note or renewal note or notes, and as hereinafter set forth."

Appellee made advances to appellant during the year 1919, and the account for such advances was paid, and there was a small payment on the note. Further advances were made during the year 1921.

This is an action instituted in the chancery court of Drew County to foreclose the mortgage, and the controversy is confined to the question whether or not the lien of the mortgage covers the account for advances made during the year 1921 subsequent to the maturity of the note. Appellant offered to pay the balance due on the note in discharge of the mortgage lien, but refused to pay the debt for supplies furnished during the year 1921. The court rendered a decree declaring a lien in favor of appellee for the amount of the debt for supplies furnished during the year 1921, as well as for the balance due on the note.

The latest expression of this court on this subject is found in the recent case of *Word* v. *Cole,* 122 Ark. 457, where we said:

"The effect of our cases is that a mortgage to secure future advances, even to the time of the foreclosure of the instrument, is valid; but if such purpose is intended to be accomplished, that fact must clearly appear from the instrument, and such purpose will not be presumed where the instrument does not contain a general description of the indebtedness secured, so as to put one who examines it on notice that this was its purpose, in order that such person may pursue the inquiry which such knowledge would suggest."

Each case on this subject calls for an interpretation of the language of the mortgage so as to determine whether the description falls within the rule announced above.

In *Fort* v. *Black,* 50 Ark. 256, the mortgage sought to be foreclosed was given to secure a note of $200, payable October 1, 1883, and "supplies furnished and to be furnished." The court decided that the mortgage only secured advances made on or before the maturity of the note. In the case of *Moore* v. *Terry,* 66 Ark. 393, the language of the mortgage was similar, and the same result was reached by this court. In *Howell* v. *Walker,* 111 Ark. 362, there was involved the construction of a mort-

gage given to secure a note, and there was also a recital that the mortgagee "undertakes and is to furnish the said party of the first part during the year 1909 with supplies, provisions and such other articles of goods, wares and merchandise and moneys as they may see proper, and for all indebtedness that may accrue and remain due and unpaid after the said year 1909 until final settlement of said account, to be evidenced by the books of the party of the second part." We decided in that case that the lien only covered the account for supplies furnished during the year 1909, and did not cover an account for supplies furnished up to the date of the foreclosure.

The mortgage in the present case contains the words, "made during the existence of this mortgage," and if there were nothing else in the language used restricting this term we would readily hold that it embraced advances made at any time before foreclosure, but other language in that connection shows that the term was not used in that sense. The language does not stop with the term "made during the existence of this mortgage," but adds the words, "and any renewal or renewals of note or notes for said present or future indebtedness," and then follows the further statement, "this mortgage to mature and be enforceable at the maturity of said note, or subsequent note or renewal note or notes."

Now, when this language is all considered together, it is clear that the term "existence of this mortgage" meant up to the date of the maturity of the note or any renewal. That is evidently the period embracing the existence of the mortgage within the meaning of the term as used. If this language be construed to create a lien for all the advances made up to the foreclosure, then everything that follows the words "made during the existence of this mortgage" is surplusage and carries with it no force or meaning whatever. So, if we give the last part of the language used any meaning at all, it necessarily limits the secured debt to advances made up to the maturity of the note or any renewal thereof.

Our conclusion is that the chancellor erred in declaring a lien for the advances made after the maturity of the note.

The decree is reversed, and the cause remanded with directions to enter a decree in favor of appellee declaring a lien only for the amount of the balance due on the note, with interest.