PAGE *v.* AMERICAN BANK OF COMMERCE & TRUST COMPANY.

Opinion delivered January 26. 1925.

1. MORTGAGES—CONSTRUCTION OF CLAUSE AS TO ADVANCES.—Where, on the arrival of each shipment of cars to an automobile dealer, the bank loaned him 80 per cent. of the factory price and took notes therefore secured by mortgage on the cars in each shipment, a clause in each mortgage including all other advances by the bank to the dealer up to foreclosure *held* not intended to cover loans secured by separate mortgages on different property, but to secure advances related and incident to each particular contract and shipment.

2. JUDGMENT—PART OF DECREE NOT WITHIN ISSUES.—Part of a decree involving a construction of a clause in chattel mortgages in suit, as to claims secured, was void as outside the issues then joined, and so not binding on a second trial, where the only issues involved were usury in and authority to execute some of the notes and mortgages.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor, reversed.

*Snodgress & Snodgress,* for appellant.

Since it is uniformly held that these provisions for advances should not be construed to extend beyond the

maturity of the notes, the fact that intervener's note is dated April 15, 1920, and the four usurious notes are dated respectively February 7th, April 3rd, and April 8th, 1921, should alone settle this appeal in favor of the intervener.  50 Ark. 256; 111 Ark. 362; 103 S. W. 692; 152 Ark. 395.  No money was ever advanced by appellee at any time except upon a new note, secured by a new mortgage upon the basis of 80 per cent. of factory cost of the automobiles, and not then until the Hollan Auto Company had them insured for the benefit of appellee bank.  Clearly the indebtedness contemplated by the advance clause in mortgages can be no other than money, etc., furnished under and incident to each separate contract and not otherwise secured.  It cannot be construed to cover deficiencies in settlement of other indebtedness, secured by separate mortgages, as against a third party, holding a second mortgage.  19 N. E. 254; 78 Ark. 141; 103 S. W. 694.

*Moore, Smith, Moore & Trieber,* for apellee.

The notes referred to by appellant were each the last of a series of extension or renewal notes.  The original notes, and the three mortgages securing them and relied on by appellee, were executed and delivered January 7, 1920, March 10, 1920 and April 5, 1920, thus antedating appellant's note and mortgage, so far as other or further advances are concerned. these mortgages take effect from the date of their execution, giving the bank priority for all such sums as are secured by them.

It is well established that where a mortgage is given to secure two separate indebtednesses, one of which is usurious, and the other free from usury, the mortgage is valid and will stand as security for the non-usurious indebtedness.  65 Ark. 316.

Appellant's contention to the effect that the deficiency indebtedness cannot be treated as having been secured by the mortgages in question, for the reason that in each case they were secured by other and separate mortgages, is not sustained by any authorities we have

been able to discover, nor by the cases cited by appellant. And his contention that this court has uniformly held that a provision in a mortgage as to advances cannot be construed to cover advances made beyond the maturity of the main note secured is also erroneous. 152 Ark. 395; 122 Ark. 457; 66 Ark. 393.

The question involved here is *res judicata* by virtue of the decree rendered by the chancery court in the original suit, to which appellant was made a party, entered his appearance and filed his intervention. The very question which is now contested by appellant was judicially determined in that decree. 141 Ark. 453; 156 Ark. 139.

HUMPHREYS, J.   This case is before us on a second appeal, and, for a partial statement of the facts, reference is made to the opinion rendered on the first appeal, under style of *Hollan* v. *American Bank of Commerce & Trust Co.,* 159 Ark. 141. The transcript in that case was, by agreement, adopted by the parties as a partial transcript in this case. Appellant herein was a party in the original suit, and, by intervention, claimed a first mortgage on several of the automobiles and second mortgage on a number of automobiles upon which the American Bank of Commerce & Trust Company claimed the first mortgage. The single question involved on the first appeal was whether the notes and mortgages executed by Claude L. Hollan for the Hollan Auto Company, covering the automobiles, were usurious and void. According to the testimony and pleadings in the first trial of the cause, only two issues were involved, that of usury and whether the Hollan Auto Company was bound by the act of Claude L. Hollan in executing said notes and mortgages to the bank. On the former trial this court declared the second, third and fourth loans usurious, and reversed and remanded the cause, with directions to enter a decree declaring those loans null and void, and for further proceedings not inconsistent with the opinion.

Upon the remand of the cause, the Hollan Auto Company moved for restitution of the automobiles or the value thereof, covered by the usurious mortgages, and appellant, the intervener, moved that the proceeds from the sales of the automobiles covered by the usurious notes and mortgages be applied on the payment of his note and mortgage which covered the same automobiles. During the pendency of the first appeal the automobiles embraced in the usurious mortgages, as well as those embraced in the valid mortgages, were sold to appellee. The automobiles embraced in the usurious mortgages brought $5,030 at said sale. When the second, third and fourth loans were declared usurious and void, pursuant to the mandate of this court, it left a deficiency payment due appellee of $3,803.02 on account of the failure of the automobiles embraced in the valid mortgages to bring a sufficient amount to liquidate the judgment rendered on the valid loans held by said appellee against the Hollan Automobile Company.

Appellee defended against the motion for restitution of the fund derived from the sale of the automobiles embraced in the usurious mortgages, to the extent of this deficiency judgment, on the ground that the mortgages securing its notes contained the following clause: "* *. * for all other moneys, advances, goods, wares, merchandise, supplies, services, etc., furnished by the party of the second part (the bank) to the party of the first part (Hollan Auto Company) up to the foreclosure of this instrument, with interest at the rate of eight per cent. per annum from date of furnishing until paid."

Upon the issues stated and the testimony adduced, the court rendeded a decree in favor of appellant upon his note and mortgage for $4,500 and interest against the Hollan Auto Company, with a lien upon the fund arising from the sale of the automobiles, subject, however, to a prior and paramount lien thereon in favor of the appellee bank for its deficiency judgment in the sum of $3,803.02. The court then deducted the deficiency

judgment from the amount of $5,030, which bid it made for the automobiles embraced in the usurious mortgages, and rendered a decree against appellee for $1,226.98 in favor of appellant, from which he has appealed.

The trial court construed the clause for advances in the mortgages to appellee as securing any deficiency between the debt and the amount derived from the sale of the automobiles covered by each mortgage, and, under these clauses in the usurious mortgages, and the wording of the original decree, declared a priority for the deficiency between the debt and the fund derived from the sale of the automobiles embraced in the valid mortgages.    The record reflects that each of the loans made by appellee to the Hollan Auto Company was a separate and independent loan upon the basis of eighty per cent. of the factory cost or invoice price of the automobiles, secured by separate mortgages, and which were separately insured against fires in favor of appellee as its interest might appear.    The course of business was that, when shipment of two or three cars would arrive, the bank would make a loan of eighty per cent. of the factory cost of the cars contained in the shipment, to enable the Hollan Auto Company to get them from the railroad, and take a note payable in thirty days secured by mortgage on each particular shipment.    We think the proper interpretation of the clause for advances in the several mortgages was to secure any additional advances which appellee might make on any particular shipment, and not to secure independent loans secured by other mortgages on independent shipments.    The clause was not intended to cover loans secured by separate mortgages on entirely different property, but to secure advances related and incident to each particular contract and shipment.

Appellee contends, however, that the construction of this clause in the several mortgages was adjudicated in the first trial of the cause, as evidenced by the decree rendered on December 13, 1921.    It is insisted that the

whole question involved in this cause is *res judicata* by virtue of the following paragraph in said decree:·

"The plaintiff. (bank) has a further lien upon each of the automobiles described in the foregoing paragraphs in this decree, numbered 2, 3, 4, 5 and 6, to secure the payment of the sums mentioned in each and every one of said paragraphs, and in paragraph 7 of this decree, or any deficiency left upon any of said sums, after applying thereupon the proceeds of the automobiles specifically pledged to secure the same." This, and other like clauses in the decree of date December 13, 1921, was not within the issues joined, and is consequently void. The only issues pleaded and tried out originally were usury and whether Hollan had authority to execute the notes and mortgages to appellee. The issue as to the meaning of the clause for advances was not joined and tried out until the decree was reversed and the cause remanded for further proceedings. Even then appellee did not plead *res judicata,* and it seems not to have been thought of until the last decree, from which this appeal is prosecuted, was entered.

On account of the error indicated the decree is reversed, and the cause is remanded with instructions to render a judgment in favor of appellant against appellee for the proceeds derived from the sale of the automobiles covered by the usurious mortgages, to the extent of his debt and accumulated interest.

### DISSENTING OPINION.

McCULLOCH, C. J. The only issue raised in the pleadings in the original trial of the cause was, as correctly stated in the opinion of the majority, the issue of usury, and the reason that the issue was thus restricted was that neither mortgagor, Hollan, nor the present appellant, Page, tendered any other issue in their respective pleas. Appellant was made party defendant as a junior lienor, was served with summons and after being brought into the case filed interplea claiming a lien under his mortgage, which was junior in point of time

to the mortgages executed to appellee. The trial court decided the only issue in the case (usury) against both the defendant and the intervener and rendered a decree in favor of appellee, in accordance with its complaint, declaring a lien on all the property embraced in each of the mortgages for all of the various debts described in the mortgages. This constituted a distinct adjudication of the priority of the mortgages to appellee over the junior mortgage to appellant, Page.

The effect of this adjudication cannot be escaped merely because the appellant and the other defendant in the case failed to make the question of priority an issue. The rule established by this court and all other courts is that a former adjudication is a bar, in a subsequent suit, as to all issues which were determined or which could have been determined and that it is the duty of a defendant to tender all the defenses which are available, otherwise he will be barred by the adjudication. *Eder-heimer* v. *Carson Dry Goods Co.* 105 Ark. 488; *Jimmerson* v. *Fordyce Lumber Co.* 119 Ark. 413; *McDaniel* v. *Richards.* 141 Ark. 453; *Toll* v. *Toll,* 156 Ark. 139.

The present appellant, Mr. Page, did not appeal from the original decree and did not attempt to contest appellee's right of priority until the case was remanded to the trial court for further proceedings. His sole attitude in the case up to that time was such as to make him the recipient of benefit under Hollan's plea of usury, which was sustained by this court, and to that extent the present appellant was benefited.

As to the original question of priority, I am also of the opinion that the decree in favor of appellee was correct, for each of the mortgages to appellee contained a provision securing, not only the particular note or notes described therein, but "all other moneys and advances, goods, wares, merchandise, supplies, services, etc., furnished by the party of the second part to the party of the first part up to the foreclosure of this instrument." The language brings the instrument within the

rule often announced by this court sustaining mortgages containing similar provisions. *Moore* v. *Terry,* 66 Ark. 393; *Word* v. *Cole,* 122 Ark. 457; *Patterson* v. *Ogles,* 152 Ark. 395.

The majority say that "the proper interpretation of the clause for advances in the several mortgages was to secure any additional advances which appellee might make on any particular shipment, and not to secure independent loans secured by other mortgages on independent shipments." How they reach that conclusion I am unable to see, for this view appears to me to be directly in conflict with the cases cited above. The parties had the right to make their own contract, and the restriction placed on the language by the majority seems to me to be entirely unwarranted.

My conclusion, therefore, is that under either theory the decree of the chancery court was correct and should be affirmed.

I am authorized to say that Mr. Justice SMITH agrees with me in the views I have expressed.