THOMPSON *v.* B. W. REEVES & COMPANY.

Opinion delivered February 8, 1926.

1.  MORTGAGES—F U T U R E ADVANCES—CONSTRUCTION.—A mortgagee may take security in a single instrument for an existing debt and for future advances to be made to the mortgagor; but the intention of the parties to a mortgage at the time of its execution, as expressed by the language used, governs, and this purpose cannot be enlarged by any contemporaneous parol or subsequent agreement that it shall secure any indebtedness other than that referred to in the mortgage.

2.  APPEAL AND ERROR—FAILURE TO BRING UP EVIDENCE—PRESUMPTION.—Where a decree recites that the case was heard upon oral evidence, which is not brought into the record on appeal, it will be presumed that such testimony was offered as supported the decree rendered, if any testimony would have supported the decree.

Appeal from Union Chancery Court, First Division; *J. Y. Stevens*, Chancellor; affirmed.

*Powell, Smead & Knox*, for appellant.

*J. B. Moore*, for appellee.

SMITH, J. Appellees are the successors of B. W. Reeves, Sr., who had conducted a general mercantile business in the city of El Dorado. Among the other assets taken over by appellees was a note for a thousand dollars, dated October 22, 1917, due November 1, 1918, and bearing interest at ten per cent. from date until paid, executed by Esau Thompson to the said B. W. Reeves, Sr., also a deed of trust executed by Thompson and his wife to secure this note and certain other indebtedness. Suit was brought by appellees to foreclose this deed of trust, and attached to the complaint which prayed that relief was an itemized statement of the account of Thompson showing all charges and credits and the dates thereof. In the decree of foreclosure, which was rendered September 3, 1924, it was recited that, after hearing the oral testimony, the court found the fact to be that an indebtedness of $572.20, secured by the deed of trust, remained unpaid, and a commissioner was ap-

pointed to sell the land mortgaged in satisfaction of this indebtedness.

This appeal is from that decree, and it is insisted that the decree is erroneous upon its face, in that it appears, from the face of the deed of trust, that only a thousand-dollar note was secured thereby, and that it appears, from the exhibit attached to the complaint showing the state of the account, that the note had been paid.

The original of the deed of trust appears to have been lost, and the foreclosure proceedings was based upon the instrument as recorded, and on the margin of the deed record appears this notation: "This mortgage is credited with the sum of $900 paid on March 21, 1922. (Signed) B. W. Reeves, by H. B. Reeves" (a member of the firm succeeding B. W. Reeves). This notation was attested by the clerk and recorder.

The deed of trust described the note, and was immediately followed by the recital that the maker of the note "being desirous of securing the payment of said sum of money unto the said B. W. Reeves, and in consideration thereof, and in the further consideration of $1000 in hand to the said party of the first part (Thompson), doth hereby grant," etc.

It was therein recited that "the conditions of this deed are such that in case the said Esau Thompson shall pay the said note or any renewals thereof at the time the same fall due, and all other indebtedness above provided for, then this deed is to be void."

It is insisted for the reversal of the decree that this instrument shows that only a thousand-dollar note was secured, and that the account between the parties, which was made an exhibit to the complaint, shows affirmatively that the note was paid.

We are unable to agree with learned counsel for appellants in these contentions.

In the case of *Patterson* v. *Ogles,* 152 Ark. 395, the court said: "The latest expression of this court on this

subject is found in the recent case of *Wood* v. *Cole,* 122 Ark. 457, where we said: ''The effect of our cases is that a mortgage to secure future advances, even to the time of the foreclosure of the instrument, is valid; but, if such purpose is intended to be accomplished, that fact must clearly appear from the instrument, and such purpose will not be presumed where the instrument does not contain a general description of the indebtedness secured, so as to put one who examines it on notice that this was its purpose, in order that such person may pursue the inquiry which such knowledge would suggest.' ''

In the very recent case of *First Nat. Bank of Corning* v. *Corning Bank & Trust Co.,* 168 Ark. 17, we recognized the right of a mortgagee to take security, in a single instrument, for an existing debt and for future advances to be made the mortgagor, but we said the intention of the parties to a mortgage at the time of its execution, as expressed by the language employed, governs, and this purpose cannot be enlarged by any contemporaneous parol or subsequent agreement that ·it should secure any indebtedness other than that referred to in the mortgage.

Applying these tests, we think it appears from the deed of trust itself that it was not the intention of the parties to limit the security of that instrument to the thousand-dollar note there described, but was contemplated by the parties that additional advances would be made which should likewise be secured by the deed of trust.

The first item of the account made an exhibit to the complaint was dated October 22, 1917, and the last advance was made under date of November 25, 1921, the account being like the ordinary account of a farmer with a merchant.

The credit of $900 which was indorsed on the margin of the record of the deed of trust was shown in the account under date of March 21, 1922, and the only remaining item on the account was the interest which had accrued since the date of that payment.

We do not agree with learned counsel for appellants in their interpretation of the marginal indorsement of the deed record. It is not recited there that the $900 payment was credited on the note, but that the mortgage was credited with that sum. Of course, if only the note was secured by the mortgage, then a credit on the mortgage would be a credit on the note. In other words, we interpret the indorsement to mean that the $900 payment was credited on the indebtedness secured by the mortgage, and not necessarily on the note.

But, whether this be true or not, the recital in the decree that the cause was heard on oral evidence is conclusive of this question of fact. This evidence was not preserved, and has not been brought into the present record by bill of exceptions or otherwise, and we must therefore presume—and the presumption is conclusive—that such testimony was offered as supported the decree rendered if there could have been testimony which would have supported the decree. Such testimony might have been offered. The debtor, in making a payment, may designate the account to which it shall be applied, and, in the absence of such designation, the creditor may make the application, but the application is not irrevocable. After making one application the parties might agree that the credit be changed and otherwise applied. So here the credit of the $900 payment was a matter of bookkeeping which might by consent have been reapplied.

It is not insisted that the decree was rendered for an excessive amount, or that the mortgage was indorsed as having been paid and satisfied, but only that the record does show that the note was paid. But, as we have said, even though the note only was secured by the deed of trust, the oral testimony might have shown that credits originally applied to the note were later, by consent, reapplied to the open account.

The decree of the court below must therefore be affirmed, and it is so ordered.